Rhoades, trustee, &c. *vs.* Canfield and others.

Where a trustee who had two sums of money, belonging to different cestuis que trust, loaned both sums to one person at the same time, and took separate mortgages upon the same premises, to secure the payment of the monies loaned, and without intending to give a priority to either mortgage : *Held*, that the cestuis que trust were entitled to be paid rateably, out of the proceeds of the sale of the mortgaged premises, the amount of such proceeds not being sufficient to pay both ; although one of the mortgages happened to be received by the clerk, to be recorded, a short time previous to the other.

Where two mortgages upon the same property are given simultaneously, to different persons, and without any intention to give a preference to either, and each mortgagee is aware of the giving of the other mortgage at the time he receives his own, neither of them is entitled to a preference in payment, under the recording act ; although one of them procures his mortgage to be first recorded.

But it seems that if the mortgage first recorded should be foreclosed, and the premises should be sold under such foreclosure, to a bona fide purchaser who had no notice that the mortgage last recorded was executed simultaneously with the other, such purchaser would hold the premises discharged of the lien of the mortgage last recorded.

James Porter having in his hands two sums of money, one as the trustee of Jane Cantine and her children, and the other as the trustee for S lly Ann Visscher, loaned both sums to the defendant Canfield, at the same time. He took separate mortgages therefor, upon the same property, executed and acknowledged at the same time, and bearing the same date ; and without intending to give the one a preference over the other. The clerk, in recording the mortgages, marked the one given to Porter as the trustee of Mrs. Cantine and her children, as having been recorded five minutes previous to the other, and so entered the same on the record. The premises, upon foreclosure, being insufficient to pay both mortgages in full ;

*A. Dana*, who had been appointed trustee of Mrs. Cantine and her child.en, upon the death of Mr. Porter, in-

January 5.

sisted that the priority of the recording of the mortgage given to Porter as the trustee of Mrs. Cantine and her children, entitled them to a preference in payment.

*J. Rhoades*, who had in like manner been appointed the trustee of Miss Visscher, who was an infant, claimed in her behalf that the loss should be sustained by the cestuis que trust rateably, in proportion to the amounts of their respective mortgages.

THE CHANCELLOR. There is no dispute in this case as to the fact that the mortgages were given simultaneously, to secure the loans made at the same time, by Porter the trustee. And there was no reason existing why he should give one mortgage a preference over the other. If the agent, therefore, who took the mortgages to the clerk's office to be recorded, did in fact deliver the one to the clerk, for that purpose, five minutes before the other, there is no provision of the recording act which entitles the holders of the mortgage first delivered for record to a preference in payment on that account. The first section of the chapter of the revised statutes relative to the recording of deeds and mortgages, &c. (1 *R. S.* 756,) only gives a preference to a *subsequent* mortgagee in good faith, and for a valuable consideration, whose mortgage shall be first recorded.

It is not necessary here to inquire whether one of two mortgages given at the same instant of time can be considered as subsequent to the other, so as to entitle it to a preference on account of priority of recording, where both mortgages were given bona fide and without any knowledge by the respective mortgagees that the other mortgage on the same premises was to be given at the same time. Such an occurrence is not very likely to take place. For it would be difficult if not impossible to prove that both mortgages were delivered at precisely the same moment; except where they were delivered to the same person, or to the several mortgagees in the presence of each other; so that

each mortgagee would be chargeable with notice of the giving of the other mortgage at the time he received his own.

Where the same trustee or agent takes two mortgages on the same property of the mortgagor, at one time, neither of those mortgages is entitled to a preference over the other, either at law or in equity ; where no such preference was intended to be given by the mortgagor, or by the trustee who took such mortgages. To entitle one mortgage to a preference over another, under the recording act, merely on account of the prior registry thereof, the mortgagee claiming such preference must have taken his mortgage, and paid the consideration therefor, without notice of the equitable rights of the other mortgagee under a prior or a simultaneous mortgage. But notice to the trustee or agent who takes the mortgage, and pays the consideration therefor, is in equity notice to the cestui que trust, or principal, for whose benefit such mortgage is taken. Here Mr. Porter took both mortgages to himself at the same time, through the medium of La Forge his agent. And the subsequent mistake in recording the one mortgage five minutes before the other, whether it was the error of the agent or of the recording officer, did not have the legal effect to give one mortgage a preference over the other, as between the respective cestuis que trust for whose benefit respectively those mortgages were taken. A different question might have been presented if the mortgage which was first recorded had been foreclosed under the statute, or otherwise, and the premises had been sold to a bona fide purchaser who had no notice that the two mortgages were given simultaneously.

The loss in this case must fall upon the holders of the two mortgages rateably in proportion to the amount due upon each ; and the claim against the mortgagor for the deficiency must be apportioned in the same manner. As between Mrs. Cantine and her children, the money for their part of the proceeds of the sale must be apportioned according to the amount of the principal which would eventually belong to the children, and the arrears of interest which were due to her at the time of the sale, so that

the loss may be sustained by them rateably ; and then she must be paid the interest for life on so much of the principal as may be saved. Mr. Dan⸗, the trustee is directed to apportion that part of the fund accordingly ; and to reinvest the principal and pay over the interest or income thereof, from time to time, pursuant to the terms of the trust.