Battle, J.
 

 The commisioner was right in charging Mrs. Daves with interest on the note given to her mother as executrix of her father. If taken as a debt to the estate, interest was undoubtedly chargeable. The rule is the same, if the money for which the note was given was intended by the mother, as an advancement out of the remainder, limited to the children after the mother’s death, because it is necessary that interest should be charged in order to produce equality in the division of that fund among the children. The commissioner was equally right in charging interest upon the notes given respectively by Mr. Haywood, and Hamilton 0. Graham. The releases endorsed on the notes, never operated for want of a delivery. Indeed, we learn from the parties that, if interest be charged on Mrs. Daves’ note, no objection is made to the counting of interest on the others.
 

 The children of Hamilton 0. Graham deceased, are properly charged with the board, money, &c., furnished to him by his mother. In the distribution of her estate they are to be regarded as advancements. It true, that under the English Statute of distributions, none but the children oí an intestate father are bound to account for advancements, because the father only is under a legal obligation to provide for his children. But our Statute, which was passed originally in the year, 1192, and re-enacted when the Statutes were revised in 1836, (See 1 Rev. Stat. ch. 64, sec. 2,) uses the words, “he or she ” and “ him and her,” in reference to the intestate,
 
 *257
 
 wliose children were to account for personal property given to them or ¡jut into their possession in their parent’s life time. Both sexes are clearly embraced by these words, and we do not feel at liberty to reject them, but are bound to hold that the legislature intended to apply them to an intestate mother, as well as to an intestate father. With regard to the board, money, &c., furnished by Mrs. Graham, to her infant grandchildren, the rule is different. Even, if such things given to
 
 vnfant
 
 children, were to be regarded as advancements, which we hold that they are not, unless expressed to be so by the parent, (See 2d Williams on Executors, 923, and Meadows v. Meadows, 11 Ired. Rep. 148,) yet they are not to be extended to grand-children, as was distinctly held by this Court, in Headen v. Headen, 7 Ired. Eq. 159.
 

 . The exceptions to the report of the commissioner are all overruled, and the report is in all respects confirmed: and a decree must be drawn accordingly.