Hash, C. J.
 

 The bill is filed for on account and partition, and on the hearing, an account was ordered. The master made his report and each party filed his exceptions.
 

 The exceptions of the defendant are all over-ruled.
 

 The first exception: because, although the mother of the slaves Simon, Plutus, and Green, had been put into the possession of the defendant, yet his jtossession had not ripened into an advancement; for before the death of the intestate, the defendant accepted from him a deed of conveyance, both for the mother and her children,
 
 Hill
 
 v. Hughes, 1 Dev. and Bat. 336,
 
 Hicks
 
 v. Forrest, 6 Ired. Eq. 528, and the slaves are to be considered an advancement from the date of the deed.
 

 The second exception is over-ruled. The articles furnished him, were so furnished him on setting out in life, and were necessary for his plantation and advancement.
 
 Meadows
 
 and Meadows, 11 Ired. 148. 2 Williams on Ex. 923.
 

 The third exception is over-ruled. By the Act of 1844, the real and personal estate are made one fund in respect to advancements ; the defendant can claim no portion of the slaves without accounting for the land, as the Act operates upon the partition.
 
 Headen
 
 v. Headen, 7 Ired. Eq. 159.
 

 The first exception of the plaintiff is sustained. The slaves, Lucy and Derry, were by the intestate given to 'the grandchildren by deed. The grand-children are not entitled to a distributive share in their own right, but as representing their
 
 *141
 
 parent; the gift to them is not-an advancement, and is not to he brought by them into hotch-pot.
 
 Headen
 
 v. Headen, 7 Ired. Eq. 159.
 
 Daves
 
 v. Haywood, 1 Jones’ Eq. 253.
 

 The second exception is ovei’-ruled, for the reason assigned for over-ruling the second exception of the defendant.
 

 The report is confirmed in all things, except to the plaintiff’s first exception and the matter is referred to the master, to be reformed, agreeably to this opinion.
 

 Pee Curiam. Decree accordingly.