# KREBS vs. KREBS' EXECUTOR.

[PARTIAL SETTLEMENT AND DISTRIBUTION OF DECEDENT'S ESTATE ]

1. *Interest on advancements.*—Under a testamentary direction that the amount received by one of the testator's children by way of advancement, as evidenced by several promissory notes executed by the child to his father, should be deducted from the child's portion of the general residuum of the estate, which was to be equally divided among the several children, the notes do not bear interest from date.

APPEAL from the Probate Court of Mobile.

IN the matter of the partial settlement and distribution of the estate of Joseph Krebs, deceased, whose last will and testament contained the following provisions: "I desire to make a provision for each of my children, which shall be just and nearly equal. They are five in number, to-wit, Sidoine, Mrs. Humphries, wife of H. D. Humphries, Lewis Dixon, Florida, and Rene. And I declare, that my son Sidoine has received from me, by way of advancement, the sums of money which will appear by his promissory notes in my possession, due me, as well as the sum of $2,700, by a lot of ground on Eslava street. And I further declare, that my daughter Mrs. Humphries has received, by way of advancement, $3,250, by a lot of land on Government street. * * * As to all other property

not hereinbefore disposed of, whether the same be real, personal, or mixed, I give, devise and bequeath the same to my five children, to be equally divided among them, share and share alike. From the shares of my son Sidoine and my daughter Mrs. Humphries are to be deducted the amounts they have received by way of advancement, as above stated." The promissory notes referred to, as having been executed by Sidoine Krebs to his father, were five in number, dated at different times, and in the usual form of promissory notes and due bills. These notes were proved to have been in the testator's possession at the time of his death, and to have been included in the inventory of his estate; and they were produced before the court on the trial of this cause. "This being all the evidence in the cause, the court decided, that the interest upon said promissory notes, from the respective dates of the maturity thereof, up to the date of the will, should be calculated and charged against the said Sidoine Krebs, with the principal sum named in said notes respectively, as a portion of his share of said estate under the provisions of said will, and rendered a decree accordingly; to which the said Sidoine Krebs excepted," and which he now assigns as error.

JOHN HALL, for the appellant, cited the following cases: Teat v. Lee, 8 Porter, 507; Taylor v. Reese, 4 Ala. 121; 3 Randolph, 559; 2 McCord's Ch. 90, 102; 2 Dev. Eq. 298; 21 Mo. (6 Bennett,) 347; 16 U. S. Digest, 19, § 11.

H. CHAMBERLAIN, contra, cited Grey's Heirs v. Grey's Adm'r, 22 Ala. 233; Burnett v. Branch Bank at Mobile, 22 Ala. 642; 11 Iredell, 68; 13 Penn. St. (1 Har.) 575; 1 Hemp. 438; 1 How. (Miss.) 230.

R. W. WALKER, J.—The fair construction of the testator's testamentary declaration, in reference to the advancements made to his son Sidoine, is, that he intended each of the notes referred to to represent a separate advancement made as of the date of the note. In the distribution of the estates of intestates, the well settled

rule is, that advancements shall not bear interest. We think that the same rule should govern in executing the direction of this testator, that in the distribution of that part of his estate not specifically diposed of, the amounts received by his son and daughter,by way of advancement, should be deducted from their respective shares. It follows that the court erred, in charging the appellant with interest on his several notes from their respective dates, to the date of the execution of the will.

Decree reversed, and cause remanded.

