PeaesoN, O. J.
 

 An advancement is a gift by a parent to a child, of a portion of his estate, in anticipation of the whole or a part, of the share to which the child would be entitled at the death of the parent, under the statute of distributions, in the event of his dying intestate.
 

 In respect to the gifts of the several articles of furniture, made by'the intestate to his two daughters, Eebecca and Sarah, there is nothing to show that he did not intend them for advancements. Such things are needed by daughters when they start in life, and the presumption is, the parent intended to aid or advance them by those gifts. In respect to the gift of similar articles to his daughter, Hannah, the circumstance that she continued, after her marriage, to live with her father, and took charge of his house and house-hold affairs, (his wife being dead,) for aught that appears, was an arrangement mutually convenient and agreeable to the parties, and is not sufficient to bring her case within the principle laid down by Winburn, part 3, sec. 8, p. 28 page 234 : “ If a son has deserved a good turn at his father’s hands ; this is no advancement, but a recompense of that which was formerly deserved,” so it must also be treated as an advancement.
 

 
 *376
 
 The gift made to bis son, Sitgreaves, by the deed executed by the intestate, and his sister, Mary Attmore, stands on a different footing. There is a well established principle of equity, which prevents it from being treated as an advancement.
 

 Where creditors compound with a debtor, and agree to release their debts, upon his paying say fifty cents in the dollar, if one of them has taken from the debtor a covenant to pay the full amount of his debt, equity does not permit the covenant to be enforced, on th^ ground that it is a fraud upon the other creditors, who were induced to enter into the arrangement because they supposed all did so. So a secret agreement in fraud of the relations of one of the parties to a marriage, by which a part of the fortune paid, is to be received back, will be relieved against in equity ; Adams, 180. ,
 

 Upon the same principle, it is clear, that if the intestate had, before executing the deed in question, taken from his son a covenant to pay back to him his share of the property conveyed b.y the deed, equity would uot have allowed the covenant to be enforced ; on the ground that it was in fraud of the intention of the sister, who was induced to give her share, because she supposed that her brother was likewise giving his share, and her object in joining with the brother, ^as to give' effect to the intended gift of their deceased sister, from whom the property was derived.
 

 The effect of treating the property conveyed by this deed, as an advancement by the intestate to his son, is precisely the same as if the son had paid back his share to-the intestate, in, his life time, so as to let it devolve as a part of- his-estate, for the estate is made just that much greater, and each child’s part is just that much more ; and the naked question is shall: that be done by operation of law, which equity would not have permitted the parties to do directly ? Surely not.
 

 There is this further consideration. Miss Mary Attmore provides, in the deed, for the payment to her of the $1000 which the deceased sister intended to give to her, showing :- that her object was to carry precisely into effect, what was.
 
 *377
 
 known to have been the wishes of their deceased sister, and. leading to the inference, that if she had supposed' her brother, was to take back his share, either directly or indirectly, .by having it treated as a part of his, estate, after his death,, and thereby disappoint the intention of the deceased sister, she-would have kept her own share, to do with it as she,pleased.
 

 The bank stock, which is given by the deed'to Hannah and Sarah, two of'the-daughters of the intestate, evidently stands on the same footing-with the gift to his son, and. cannot he-treated as advancements, the intention.being that they should' receive this stock, notas a gift from their father and" aunt Mary,, but should take it in .the light of a-gift from.their deceased, aunt.. No one can read the deed., and fail to see that such.is. its-true meaning'and intent, and to.-feel gratified, because there is-no principle of law to interfere with the praiseworthy purpose which actuated' both.the brother and sister in.executing the deed.
 

 Pee. CüBiAMj. Decree accordingly..