## Kimmell *versus* Bittner.

1. Kimmell, an attorney, collected money for Bittner, and remitted the amount by the draft of one bank on another payable to Kimmell's order and endorsed by him. The client received the money, and directed Kimmell "to send the balance in the same way." Kimmell sent another sum in the same way; the draft was received by Bittner, but before it could be collected the drawer failed, and it was not paid. *Held,* that Kimmell was not liable as endorser.

2. The endorsement was intended merely to transfer Kimmell's legal right to his client, not to incur a responsibility as endorser.

May 12th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Somerset county:* No. 75, to May Term 1869.

This was an action of assumpsit, by Joseph Bittner against John O. Kimmell, commenced August 17th 1866.

The cause of action arose on the following facts. The defendant was an attorney at law. The plaintiff, who resided in the state of Iowa, placed in the defendant's hands for collection notes amounting to about $1200. On the 20th of November 1865, the defendant transmitted to the plaintiff $600, by a draft, as follows:

"$600.            Banking House of M. Tredwell & Co,.
                        Somerset, Pa., Nov. 20, 1865.
    Pay to the order of J. O. Kimmell, Six hundred dollars.
                        M. TREDWELL & CO.
To De Haven & Bro., Phila., Pa."

This draft was endorsed:
    "Pay to the order of Joseph Bittner.
                        J. O. KIMMELL."

On December 2d 1865, the plaintiff acknowledged the receipt of the draft, adding in his letter: "I was very well satisfied with that much, and if you get the balance send in the same way." About the 1st of March the defendant remitted $350 more in the same way, which also was received by the plaintiff. On the 4th of April 1866, the defendant remitted $250 more by draft as follows:

"$250.            Banking House of M. Tredwell & Co.,
                        Somerset, Pa., Apr. 4, 1866.
    Pay to the order of J. O. Kimmell, Two hundred and fifty dollars.                        M. TREDWELL & CO.
To De Haven & Bro., Phila., Pa."

[Kimmell *v.* Bittner.]

Endorsed :
  " Pay to the order of Joseph Bittner.

                                     J. O. KIMMELL."

The banking house of Tredwell & Co. failed April 11th 1866, and there was evidence that up to that time it had been in good credit.   The draft was received by Bittner, and protested for non-payment in his hands.

The plaintiff brought this suit to recover the amount of the draft.

The court (King, P. J.) charged :

*   *   " The defendant insists that he has literally complied with the plaintiff's directions, by purchasing and remitting the draft in suit, made payable in the same way, and endorsed in the same way, as the draft first remitted.

" If this first draft had been made payable directly to the order of the plaintiff, and the second draft had been drawn in the same way, the position of the defendant might be sustained.   But as the first draft was endorsed by the defendant, and its payment thus guarantied, we are not at liberty to give any construction to the plaintiff's directions, other than that he required the subsequent draft to be similarly endorsed and guarantied, so that the 'same way' should be followed in every particular.   We therefore hold that the defence set up cannot avail the defendant, and direct a verdict for plaintiff, to full amount of his claim."

The verdict was for the plaintiff for $258.86.

The charge of the court was assigned for error by the defendant, who took a writ of error.

*J. Hugus*, for plaintiff in error.—As to the care required of an attorney, cited 2 Starkie on Ev. 82.

*W. H. Koontz*, for defendant in error.—The defendant would have been responsible if he had sent a draft of any other kind than the first: Story on Agency 192 ; Wilson *v.* Wilson, 2 Casey 394.   That draft was endorsed by Kimmell, he being thus liable : 1 Parsons on Con. 219 ; Patterson *v.* Poindexter, 6 W. & S. 234. There was nothing special in the endorsement: Goupy *v.* Harden, 7 Taunt. 159 ; Smith's Mercantile Law 220.

The opinion of the court was delivered, July 6th 1869, by

READ, J.—Joseph Bittner removed in 1865 to the state of Iowa from Somerset county, leaving in the hands of the defendant, a practising lawyer, certain notes given by David Hay to Bittner for collection, amounting to twelve hundred and fifty dollars.   The notes were payable in yearly instalments.   Bittner wished them discounted, as he needed the money for present use.   Kimmell

[Kimmell *v.* Bittner.]

induced Hay to purchase the notes, and in November 1866 he remitted to Bittner six hundred dollars by a draft drawn by Tredwell & Co., bankers in Somerset, on DeHaven & Bros., of Philadelphia. In February 1867, three hundred and fifty dollars more was remitted by Kimmell, the drawers and drawees being the same. These drafts were made payable to Kimmell, and by him endorsed over to Bittner. In a letter dated December 2d 1866, from Bittner to Kimmell, acknowledging the receipt of the six hundred dollar draft, he said " I was very well satisfied with that much, and if you get the balance send in the same way."

On the 4th April 1867, Kimmell remitted two hundred and fifty dollars in the same way, by a draft drawn and endorsed as the first was. On the 11th April, seven days afterwards, the banking house of Tredwell & Co. failed, and on the 21st the last named draft was protested for non-payment.

It appears clearly that the defendant fulfilled to the very letter his duties as an atttorney at law in collecting the money of his client, and in remitting it, and there is no allegation that any portion of it is in his hands. The first remittance was received by the plaintiff, who approved of the course of his counsel, and added " if you get the balance send in the same way," that is by a draft of Tredwell & Co., who were undoubtedly known to the plaintiff, on DeHaven & Bros. Following this direction the second remittance was made in the same way, and on the 4th of April 1867 he made a similar remittance in the same form, which was not paid. The banking house of Tredwell & Co. having failed on the 11th, one week afterwards.

The counsel having strictly followed the instructions of his client, we think the court erred in the interpretation they put upon the endorsement of the drafts by the defendant, which was only intended to transfer the legal right to receive the money to his client, and not to become responsible for the ultimate payment of the drafts. This was clearly the intent of the first endorsement, and of course of the second and third.

The creation of national banks has virtually extinguished state banks, and has increased the necessity for private bankers all over the Union, whose drafts form a convenient form of remittance between the different states.

The drafts of Tredwell & Co. were on one of the strongest and best houses in Philadelphia, and had been punctually paid at maturity, and the defendant was therefore fully justified in purchasing and remitting the third draft, the loss of which must fall on the client, whose instructions his counsel had strictly followed.

Judgment reversed, and *venire de novo* awarded.