ROBERSON and others v. NAIL and others.

(*Knoxville.* October 9th, 1886.)

ADVANCEMENTS. *Interest on.*

Advancements, made by a father to his married daughters, bear interest from the date of his death only; although the receipts given by them stipulate for payment of interest from an earlier date.

Cases cited and approved : Burton v. Dickinson, 3 Yer., 112; Morris v. Morris, 9 Heis., 814; Brown v. Dortch, 12 Heis., 740, 754; Johnson v. Patterson, 13 Lea, 657.

FROM BLEDSOE.

Appeal from decree of the County Court of Bledsoe County, at its July Term, 1884.

W. D. SPEARS for Complainants.

R. B. SCHOOLFIELD and W. L. HARBISON for Defendants.

SNODGRASS, J.   This case was a proceeding in the County Court for partition of the lands of Isaac Roberson, deceased, between his heirs.   New Code, §§ 4980–4984.   Incident to the relief sought was a settlement of the question of advancements.

It was alleged, among other things not necessary to be noticed, that the intestate had in his lifetime advanced to M. J. Nail, M. J. Schoolfield, and Martha Schoolfield, three daughters, $1,000 each, and they and their heirs were sought to be charged with these amounts. It was so decreed by the County Court, and defendants interested appeal.

The ancestor, Isaac Roberson, had, in certain conveyances of land made, and by credits on notes for purchase-price, given them or their husbands credit for this amount each, and took receipts therefor, and had charged it to each of his said children as an advancement, the receipts and other evidence so showing. These receipts show that the several amounts, with interest from the 1st of January, 1871, were, at the death of Isaac Roberson, to be accounted for as advancements. The court below therefore charged each with the amount of $1,000 and interest from January 1st, 1871. This was done upon the theory that the receipts taken so specify. We think this was error. The charge as an advancement is not made upon the theory that it was a contract, for in such case the married women would not be bound, but because it was a gift with the intention that it should be taken as an advancement.

The rule is to estimate the advancement, if value is fixed, at the time made; if value is not fixed, at actual value. 3 Yer., 112; 5 Cold., 200; 7 Heis., 251. Interest from date of advancement will not be charged (9 Heis., 814; 12 Heis., 740, 754), but will be charged from the death of the intestate (13 Lea, 657).

This error in the decree is probably of no practical importance, as the amounts charged without interest will doubtless largely exceed the interest of each of the three children, and upon that basis no surplus would remain for them.

Their appeal was a broad appeal from the whole decree, and for these reasons no cost will be recovered for the modification, indicated.

The decree will be modified so as to charge defendants with the $1,000 advanced to each heir by Isaac Roberson, with interest thereon since his death, and with this modification affirmed and the cause remanded for further proceedings. The cost of appeal will be paid by the appellant.