## Moore *v.* Burrow.

### (*Jackson.*  April Term, 1890.)

1. ADVANCEMENTS. *Valuation. Interest.*

   Advancements of property must be valued as of the date when they are *made*, but interest is computed on that valuation only from the date of the ancestor's death.

   Cases cited and approved: Burton *v.* Dickinson, 3 Yer., 122, *note;* House *v.* Woodard, 5 Cold., 200; Haynes *v.* Jones, 2 Head, 373; O'Neal *v.* Breecheen, 5 Bax., 605; Johnson *v.* Patterson, 13 Lea, 632; Williams *v.* Williams, 15 Lea, 439; Steele *v.* Frierson, 85 Tenn., 431.

2. SAME. *At what date made. Case in judgment.*

   In 1856 B. gave his daughter a tract of land by parol, and put her in possession. In 1859 he conveyed it to her by deed, "in consideration of natural love and affection." He died several years later. In 1856 the land was worth $3,212; and in 1859, $4,280.

   *Held:* That the advancement must be treated as *made* in 1856, and that the daughter is chargeable with the value of the land at that date, viz., $3,212.

   Cases cited and approved: Haynes *v.* Jones, 2 Head, 373; O'Neal *v.* Breecheen, 5 Bax., 605.

   Cited and distinguished: Yancy *v.* Yancy, 5 Heis., 357.

3. SAME. *Interest allowed only from ancestor's death.*

   And interest is chargeable upon that valuation only from the date of the father's death.

   Cases cited and approved: Johnson *v.* Patterson, 13 Lea, 632; Williams *v.* Williams, 15 Lea, 439; State *v.* Frierson, 85 Tenn., 431.

FROM CARROLL.

Appeal from Chancery Court of Carroll County. A. G. HAWKINS, Ch.

S. F. RANKIN for Moore.

H. C. TOWNS for Guardian *ad litem.*

Jo R. HAWKINS for McKelvy.

CALDWELL, J.   In 1856 John J. Burrow made a parol gift of 214 acres of land to his daughter, Harriet E. McKelvy, and placed her and her husband in possession thereof.   At that time the land was worth $3,212.   In 1859 the father, "for and in consideration of natural love and affection," executed a formal deed, conveying the same land, in fee, to his said daughter.   When this deed was made the land was worth $4,280.

Thirteen years later, in 1872, said Burrow, for love and affection, conveyed to Mrs. McKelvy and her husband another tract of land, which contained 48 acres.   The aggregate of the two tracts thus conveyed was 262 acres.

In 1873 John J. Burrow, by deed of gift, conveyed 600 acres of other land to his daughter, Mrs. McKelvy, and his son, George H. Burrow; subject, however, to equalization and division between them, as provided by the following clause of the deed, viz.: "But as I have heretofore given to my said daughter, Harriet, land (262 acres), I give my son, George, the greater portion of the above described 600 acres tract, so as to make them equal in point of land, which is to be settled between them soon by running out said land," etc.

The 600 acres were not divided as contemplated, but the grantor occupied and used the greater part of it until his death in December, 1887. George H. Burrow, the son, died in the meantime, intestate, leaving Mary H. and John Burrow his only children and heirs at law.

In 1888 the original bill in this cause was filed for a proper partition of the 600 acres of land between Mrs. McKelvy and the two children of George H. Burrow, deceased, according to the provision of the deed of 1873. Subsequently an amended bill was filed for the partition of other lands belonging to the estate of John J. Burrow, deceased.

Proper answers were filed and interlocutory orders made; advancements were collated and the lands' partitioned under decrees of the Chancellor. McKelvy and wife have appealed.

*First.*—The most important question raised by appellants is whether, in the collation of advancements, Mrs. McKelvy should have been charged with the value of the 214 acres of land ($3,212) when placed in possession thereof by parol gift of her father in 1856, or with its value ($4,280) when she received the deed of conveyance from him in 1859. The Chancellor adjudged the latter and larger valuation to be the one with which she was chargeable, and upon that ruling her counsel assigns the first error.

Advancements in property are to be estimated at the value of the property when the advance-

ments were made. *Burton* v. *Dickinson*, 3 Yer., 122, note; *House* v. *Woodard*, 5 Cold., 200.

This is the established and reasonable rule. But, under this rule, when was the advancement of the 214 acres of land *made* in legal contemplation? In 1856, at the time of the parol gift, or in 1859, when the deed was executed? Confessedly, the parol gift communicated no title, and was revocable at any time. Nevertheless, the moment the deed was executed the title passed, and the advancement became complete and irrevocable, going back by relation to the date of the parol gift, when the possession of the land and enjoyment of its rents and profits began. The deed was in law but an affirmation and ratification of the parol gift, without change in the control and dominion of the land. Therefore, the advancement is to be treated as *made*, and accordingly valued, *at the time of the parol gift in* 1856.

This conclusion is supported by the cases of *Haynes* v. *Jones*, 2 Head, 373, and *O'Neal* v. *Breecheen*, 5 Bax., 605, wherein this Court held that children, placed in possession of lands by their parents, under parol gifts as advancements, acquired good possessory title, to the extent of inclosures, by seven years adverse possession; and, further, that they should account for the lands as advancements, *estimated at the values put upon them at the time the parol gifts were made*, not at their values when the gifts were perfected seven years later by the bar of the statute.

In those cases the advancements were completed and rendered irrevocable by the bar of the statute; in this case the same result was accomplished by the conveyance of the father, the parol donor. The advancements in those cases, after perfection, were by relation estimated at the value of the lands when the parol gifts were made; for the same reason the value of the 214 acres tract in this case should be estimated at the date of the parol gift in 1856.

The effort was made in *Yancy* v. *Yancy*, 5 Heis., 357, to charge the daughters of Charles L. Yancy with certain slaves as advancements. The charge was refused on the ground that title had never passed, the gift of the slaves being in parol only, and the possession by the daughters not having continued a sufficient length of time to create a bar. This Court said: "The title to the slaves continued in Charles L. Yancy, and (they) could not be charged to his daughters as advancements, unless they held them long enough to perfect their titles under the statute of limitations." *Ib.*

The date at which the value of the slaves would have been estimated by the Court, had the daughters been held to be chargeable with them as advancements, was not, and could not properly have been, adjudged in that case; hence the decision is not in point here.

Exactly the same question here might have been raised on the facts disclosed in the case of *Johnson* v. *Patterson*, 13 Lea, 632. Mrs. Patterson took

possession of the land in March, 1869, under parol gift from her father, President Johnson, who made her a deed of conveyance to it in February, 1873. The date at which the value of the advancement should be estimated was not determined. The point is not mentioned in the report of the case.

*Second.*—Error is also assigned on that part of the decree charging Mrs. McKelvy with interest on advancements from death of her father. On this point the decree is right. The rule is well settled that interest must be computed on advancements, in money or property, from the time the ancestor dies. 13 Lea, 632; *Williams* v. *Williams*, 15 Lea, 439; *Steele* v. *Frierson*, 1 Pickle, 431. This case presents no ground for an exception to the general rule.

Let the decree be modified as indicated in this opinion and affirmed in other respects. The case will be remanded for further proceedings. Cost of this Court will be paid one - half by Moore, guardian, and the other half by McKelvy and wife.