S. M. P. TART ET AL. v. WINSLOW TART ET AL.

(Filed 5 April, 1911.)

### 1. Advancements—Definition.

An advancement is a free and irrevocable gift by a parent, in his lifetime, to his child, or to a person standing in place of such child, on account of such child or person's share in the donor's estate, which he will receive under the statute of descent or distribution if the parent or donor die intestate.

### 2. Advancements—Interest—Accounting.

No interest on an advancement made by a deceased parent to his child shall be charged against the child until an accounting, when same is had within the two years' time allowed by law to settle the estate of the intestate, whether the advancement had been made in lands, investments, or money.

### 3. Same—Rents and Profits—User.

Where in 1885 a father put one of his sons in possession of a tract of land, and the latter remained in possession, enjoying the rents and profits until 1906, when the father conveyed the land by way of advancement to the son and his seven children, it was *Held*, (1) that the rents and profits of the land until conveyance made were under ordinary conditions properly chargeable as advancements; (2) that owing to the difficulty of determining the amount of such rents and profits by reason of improvements put upon the land by the son and claimed as permanent, the proper basis of accounting in the present case is held to be the interest on the value of the land from the time the son became possessed of it, and as it then was, until the conveyance in 1906; (3) that the son's interest in the land at the time of the conveyance made in 1906 is also chargeable as an advancement and without interest.

TART *v.* TART.

**4. Same.**

When an advancement of lands has been made by the intestate to his child, no rents or profits are chargeable to the child until an accounting, if had within the time allowed by law for the settlement of estates.

**5. Executors and Administrators—Personalty—Deceased Widow—Distributive Share—To Whom Payable.**

The intestate died, leaving children by a former marriage and a widow, who subsequently died intestate. An administrator of her estate qualified, and was made a party in an action between the husband's heirs at law for division of his property, in which his administrator was also a party: *Held*, in this case the share of the deceased widow in her husband's personal property should be paid to her administrator.

**6. Advancements—User—Damages—Declarations—Evidence.**

Declarations of the intestate as to the value of lands conveyed his sons as advancements made after the date of the deeds: *Held*, in this case, incompetent, and not sufficient to charge one of the sons, who had theretofore for some years had the use of the lands, with the value of timber he had then cut therefrom.

**7. Appeal and Error—Reference—Remand—Rereference—Procedure.**

Upon appeal in this case the Court so decidedly departed from the basis of accounting adopted by the referee that it is directed that it be remanded to him with directions to restate the account and revise his findings of fact, hearing further testimony if he considers it desirable to do so.

APPEAL from *Whedbee, J.,* at October Term, 1910, of SAMP-SON.

Proceedings heard on exceptions to report of referee. These proceedings were originally instituted before the clerk of the Superior Court by some of the children and grandchildren, heirs at law and distributees of Whitfield Tart, Sr., deceased, against others of the children of said Whitfield Tart, to bring about a division of certain lands of the deceased by sale of same. In the complaint and answer allegations were made of advancements to the different children in lands and money. Meanwhile the land was sold by order of court and the proceeds held, subject to an accounting, and orders made in the cause. The administrator of the estate is also a party, and it appears that he had on hand, for distribution, personal estate to the

amount of several thousand dollars. The heirs at law and
distributees, parties plaintiff and defendant, are children by
a former wife. The last wife and widow having died intestate
since her husband, her administrator has been duly qualified
and made a party of record. On issues found, the cause was
transferred to the civil-issue docket and, at August Term, 1910,
the entire matter was referred by consent. Hearing was had
and report was made to October Term, 1910, when and where
same was heard on exceptions as stated. It appeared from the
report, among other things, that Whitfield Tart, Sr., had died
intestate on 5 April, 1908, leaving him surviving his widow,
since deceased, and the plaintiffs and defendants, his children
by a former wife, and the children of some who had died, and
owning the land, which had been sold by order of court in this
cause, and several thousand dollars of personal property. That
said Whitfield Tart had, many years back—twenty and up-
ward—made advancements to some of his sons defendant by
conveying to them tracts of land which they had owned and
occupied since; had made also some advancements in money
to his said sons and others of his children. That on 11 Octo-
ber, 1906, Whitfield Tart, Sr., had conveyed to his son, Whit-
field Tart, Jr., and to his children, five then born and one *in
ventre sa mère,* the home tract of land, reserving a life estate
for himself and wife for the portion on the east side of the
road, where they lived, and that the interest in this land to
said Whitfield, Jr., was an advancement to him by his father.
It further appeared that Whitfield, Sr., in 1885, had put said
Whitfield, Jr., in control and possession of 75 acres of this
tract, the portion lying on west side of the road, and that said
son had enjoyed and possessed that portion for his own use
and benefit down to the time of making of the deed referred to.
The referee stated the account by·charging the children with
the real estate and money valuation of the advancements and
interest thereon from time same were received to the death of
the intestate, except in the accounting with Whitfield, Jr.
This last was charged with one-seventh value of the interest on
the home place, conveyed to him by the deed of 1906, and

interest thereon to the death of intestate. He was also charged with the interest, in lieu of rent, on the unimproved value of the 75 acres, occupied and possessed by Whitfield from 1885 to the date of the deed. Exceptions were filed to different items of charge by plaintiffs and defendants. The court overruled the exceptions by defendant, sustained some and overruled others of the exceptions of plaintiff, and entered judgment in accordance with his rulings on the report and exceptions thereto. Both plaintiff and defendant, having duly excepted, appealed to this Court.

*Faison & Wright and Fowler & Crumpler for plaintiff.*

*F. R. Cooper, John D. Kerr, and George E. Butler for defendant.*

DEFENDANT'S APPEAL.

HOKE, J., after stating the case: An advancement has been properly defined as a "free and irrevocable gift by a parent, in his lifetime, to his child, or person standing in place of such child, on account of such child or person's share in the donor's estate, which he will receive under the statute of descent or distribution if the parent or donor die intestate." Thornton on Gifts and Advancements, p. 510. And in note 2 of this publication (p. 510) is cited a definition from 25 Ga., 352, as follows: "An advancement is that which is given by a father to his child, a presumptive heir, by anticipation of what he might inherit." When an adjustment of claims involves a question of advancements, the general rule is, they are to be valued at the time the estate or interest passes (*Ward v. Riddick,* 57 N. C., 22; *Shiver v. Brock,* 55 N. C., 137; *Moore v. Barrow,* 89 Tenn., 101), and in case of a pure advancement, it is very generally held that on an accounting no interest shall be charged before the death of the intestate. *Roberson v. Nail,* 85 Tenn., 124; *Ex Parte Glenn,* 20 S. C., 64; *Osgood's case,* 17 Mass., 356, and in this State it would seem, by authority, that no interest should be charged prior to the time of accounting, provided the same is had within the two years allowed by the law for the settlement of the estate. *Scroggs v. Stevenson,*

100 N. C., 354-360; *Hanner v. Winburn,* 42 N. C., 142. The principle that no interest is ordinarily chargeable on advancements obtains whether the same have been made in lands or investments or money, and has been applied in cases where the transaction is evidenced by the claimant's notes (*Roberson v. Nail, supra; Patterson's Appeal,* 128 Pa. St., 269; *Krebs v. Krebs,* 35 Ala., 293; *Green v. Howell,* 62 Pa., 203; Thornton, 609), and the same principle upholds the ruling that where lands have been conveyed by way of advancement, rents may not be properly charged against the owner. *Kyle v. Cunaud,* 25 W. Va., 760. There was error, therefore, in charging interest against the claimants on the money advanced by the intestate to the different parties or on the price of the lands, valued at the time the same were conveyed to the owners, and the account must be reformed to accord with this decision.

The case of Whitfield Tart, Jr., is presented on facts differing, in some respects, from the others. The land was conveyed to him and his children and the advancement thereby perfected on 11 October, 1906. Under our decisions the effect of this deed was to convey to Whitfield Tart, Jr., one undivided seventh of the land, as tenant in common with his children. *Lewis v. Stancil, ante,* 326; *King v. Stokes,* 125 N. C., 514; *Silliman v. Whitaker,* 119 N. C., 89. The referee has, therefore, properly charged against Whitfield Tart, Jr., the one-seventh of the value of the land at the time of the conveyance; but for the reasons heretofore stated, the interest on said value to the death of the testator should be eliminated. The report further charges Whitfield Tart, Jr., with the interest on 75 acres of land lying west of the road, which, the evidence shows, said Whitfield Tart, Jr., has controlled, used, and enjoyed since 1885 to the date when this and the remainder of the tract was conveyed to him and his children. This is not a case where rents are not chargeable against the owner of a tract of land, perfected by conveyance by way of advancement, but this was a gift properly chargeable as an advancement for the user of the land by one who was not the owner. A similar case was

presented and passed upon in *Hanner v. Winburn, supra,* where a slave was placed, by a father, in possession of his son and died before the father had recovered possession. The father then died intestate, and it was held that the slave was not an advancement, but the hire of the slave was, and same was so charged. Ordinarily, the value of the use and occupation of the land as it was when Whitfield, Jr., took possession, would be the correct amount of the charge, but inasmuch as the son has made improvements on the land and it is difficult, if not impossible, to determine how much should be allowed for as permanent, we conclude that on the particular facts of this case the safer rule for estimating this charge will be to follow the course adopted in the report and on this item charge Whitfield Tart with the annual interest on the value of the land as it was when he took possession in 1885. This feature of the report, therefore, will not be disturbed. And on these facts we are of opinion, too, that no allowance should be made to Whitfield Tart, Jr., for improvements. He is only charged with interest on the value of the 75 acres in its unimproved state, and under the conveyance he and his children reap the benefits of such permanent improvements as he has made.

There are no special facts or circumstances which require that the valuation of this home place at the time of the conveyance should be disturbed or modified. The remaining portions of the judgment of the court, sustaining plaintiff's exceptions No. 3 and No. 6 and Nos. 12 and 13 and all other portions of the judgment as it affects the defendants, are affirmed, except that, for the reasons stated, no interest will be allowed on these advancements. On defendant's appeal the report should be modified to accord with the principles and rulings made in this opinion, and it is so ordered.

Modified.

PLAINTIFF'S APPEAL.

Plaintiffs, other than the administrator of Nancy Tart, the deceased widow of Whitfield Tart, Sr., except to the judgment of the court which directs that the share of the deceased widow

in the personal property of the intestate shall be paid to her administrator. This ruling is undoubtedly correct and should be affirmed. *Neill v. Wilson,* 146 N. C., 242, 245, citing with approval *Whit v. Ray,* 26 N. C., 14; *Rose v. Clark,* 8 Paige, 547; 14 Cyc., 107, 109. Plaintiffs further except for that the grantees of the real estate are not charged with rents. For the reasons given in the opinion in defendant's appeal, the owners of land conveyed by way of advancement are not chargeable with rents nor with interest on the value of the land. This rule was held not applicable to the charge against Whitfield Tart, Jr., for the user and occupation of the 75 acres of land possessed and enjoyed by him from 1885 to the date of the conveyance to him and his children. The value of this user was held a correct charge by way of advancement, but owing to the great difficulty of making an equitable adjustment, the Court decided that interest on the value of this land as it was when he first took possession of it was the safer basis of estimate. We do not think there is sufficient evidence to charge Whitfield Tart, Jr., with the value of the timber cut by him on his father's land, and we are of opinion that the declarations of Whitfield Tart, Sr., as to the value of the several tracts of land conveyed to his sons and after the date of such conveyances are inadmissible on the question of value. Inasmuch as our rulings involve such a pronounced departure from the basis of accounting adopted by the referee, we deem it desirable that our decision be certified, to the end that the cause be remanded to the referee with directions to restate the account in accordance with the judgment of the court below as modified by these opinions; revising his findings of fact and hearing further testimony if he considers it desirable to do so. The costs of the appeals will be divided between the parties plaintiff and defendant.

Modified.