FANNIE H. THOMPSON v. MARCELLUS SMITH ET AL.

(Filed 9 October, 1912.)

**1. Wills—Devises—Advancements—Definition.**

An advancement is an irrevocable gift *in presenti* of money or of property, real or personal, to a child by a parent, to enable the donee to anticipate his inheritance or succession to the extent of the gift.

**2. Wills—Devises—Advancements—Intent—Interpretation of Statutes.**

Property transferred or money paid by the parent to the child is *prima facie* an advancement, but the presumption thus raised may be rebutted by parol, even when there is a recital of a consideration in a deed, by showing that the parent had a contrary intent at the time; and this rule as to the intention of the testator is not altered by our statute. Revisal, secs. 133 and 1556, Rule 2. *Holliser v. Attmore*, 58 N. C., 373, cited and applied.

**3. Reference — Findings—Appeal and Error—Wills—Advancements —Intent—Practice.**

The findings of fact by a referee, upon the consideration of the evidence and approval of the trial judge, when there is some evidence to support them, will not be reviewed on appeal; and on the appeal taken, in this case, upon the question as to whether a gift by the testator was an advancement, being one of fact as to the intention of the testator, the judgment below is affirmed.

APPEAL by plaintiff from *Webb, J.,* at February Term, 1912, of WAKE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*J. H. Fleming for plaintiff.*
*Bart M. Gatling for defendant.*

WALKER, J. This case was before us at a former term and is reported in 156 N. C., at p. 345. We then held that the presiding judge committed an error in affirming the referee's findings of fact, merely because there was, in his opinion, some evidence to support the same, but without himself passing upon the evidence and its probative force, and exercising his own judgment as to whether the facts so found had been established by the proof. The case was remanded, to the end that it might be heard in accordance with this rule. It is now before us upon the findings of fact and conclusions of law of the referee, Mr. John W. Hinsdale, Jr., which have, upon due consideration of the evidence and the law, been confirmed by his Honor, *Judge· James L. Webb.*

The matter as now presented to us seems to be largely, if not altogether, a question of fact. The action was brought by the plaintiff, Fannie H. Thompson, heir at law and distributee of her deceased father, J. R. Smith, against the defendant, Marcellus Smith and A. M. Thompson, his administrators, for an accounting, and the controversy related principally to the question whether certain lands which the father divided among his children were to be regarded as gifts or advancements, and if the latter, the prayer is to have them account for the value thereof, and for the value of the use and occupation of the lands before the title thereto was completely vested by conveyances.

An advancement is said to be an irrevocable gift *in presenti* of money or of property, real or personal, to a child by a parent, to enable the donee to ·anticipate his inheritance or succession to the extent of the gift. 14 Cyc., 162. It is thus defined by *Chief Justice Pearson* in *Hollister v. Attmore,* 58 N. C., 373: "An advancement is a gift by a parent to a child, of a portion of his estate, in anticipation of the whole or a part of the share to which the child would be entitled at the death of the parent,

160—17

under the statute of distribution, in the event of his dying intestate." And by *Chief Justice Ruffin* in *Meadows v. Meadows,* 33 N. C., 148: Advancements are understood to be gifts of money or property for the preferment and settlement of the child in life, and not such as are mere presents of small value, or such as are required for the maintenance or education of the child, which the law throws on the father, at all events, or such small sums as are given to the child to defray the expenses of the ordinary pleasures and amusements of youth in their rank of life. It has been said that "if a. son has deserved a good turn at his father's hands, this is no advancement, but a recompense of that which was formerly deserved." *Hollister v. Attmore, supra,* at p. 375. See *Tart v. Tart,* 154 N. C., 502.

If the lands so transferred by J. R. Smith to his children are not advancements, it is conceded that they were absolute gifts, and the donees are not, therefore, accountable for their value or the value of their use.

The doctrine of advancements is based on the idea that parents are presumed to intend, in the absence of a will, an equality of division among their children; hence a gift of property or money is *prima facie* an advancement, that is, property transferred or money paid in anticipation of a distribution of his estate; but the presumption thus raised may surely be rebutted, and parol evidence is competent for that purpose, even though there is a recital of the consideration in the deed or other instrument of conveyance. *Griffin, ex parte,* 142 N. C., 116; *James v. James,* 76 N. C., 331.

Making proper allowance for the burden of proof, as fixed by the presumption arising out of the nature or circumstances of the gift, the question of whether there was a clear gift, a loan, or an advancement, is to be settled by ascertaining what was the intention of the parent. Thornton on Gifts and Advancements, 591; *Melvin v. Bullard,* 82 N. C., 53; *Harper v. Harper,* 92 N. C., 300; *Kiger v. Terry,* 119 N. C., 456. This rule as to the intention of the testator is not altered by our statutes. Revisal, secs. 133 and 1556, Rule 2. So that, as the question is to be determined by the intention of the parent at the time of the transfer, it was, in this case, largely one of fact, which

the referee and the judge have settled against the plaintiff, so far as the division of the lands is concerned, and as to the personalty, they have properly allowed the plaintiff the sum of $50, which they found as a fact was required to make an equal distribution among the children. There is no question of law involved. We will not review the referee's findings of fact, which are settled, upon a consideration of the evidence, and approved by the judge, when exceptions are filed thereto, if there is some evidence to support them. *Boyle v. Stallings,* 140 N. C., 524; *Harris v. Smith,* 144 N. C., 439, and cases cited; *Thornton v. McNeely, ibid.,* 622; *Frey v. Lumber Co., ibid.,* 759.

There is an exception as to the payment of a note for $350, given by defendant Marcellus Smith to his father, J. R. Smith. The referee and judge found that this note had been paid by the maker to his father, the plaintiff having contended and offered much and very strong and persuasive testimony to show that it had not been. The referee and judge might very well have found as a fact that the payments, though alleged by Marcellus Smith to have been made by him, were not in truth so made, and such finding would have been fully supported by the evidence, but this exception comes within the same rule we have just stated and applied to the other branch of the case, and the finding must stand, as we will not review it. We concur with the referee and judge in their finding of fact, that the transfers of land were clear gifts, for the purpose of equality in the division of his real estate by the donor among his children, and not advancements, and we can only say, as to the note, that plaintiff was merely unfortunate in not being able to convince the learned judge and referee that it had not been paid. In both instances, though, the plaintiff must abide by their decision as to the facts, and this overrules both exceptions.

There is no error in the case, and we, therefore, affirm the judgment.

Affirmed.