N. LUNSFORD ET AL. v. IDA E. YARBROUGH ET AL.

(Filed 15 April, 1925.)

**1. Advancements.**

An advancement is a provision made by a parent on behalf of a child for the purpose of advancing this child in life and to enable him to anticipate his inheritance to the extent of such advancement.

**2. Same—Wills—Devise—Interest—Estates—Remainders.**

The ordinary rule that an advancement bears interest from the death of the parent does not control the intent manifestly appearing from the parent's will to the contrary; nor will the death of the testator control in instances where his express intent is to postpone an equal division among his children until after the death of his wife, to whom the estate is thus given, for in such cases interest on the advancements commences from the death of the life tenant. C. S., 3234, providing that the existence of the widow's life estate is no bar to the rights of vested remainders, has no application.

APPEAL by defendants from *Calvert, J.*, at January Term, 1925, of PERSON.

Special proceeding for partition of lands and for an accounting by the children of N. Lunsford, Sr., who have received advancements from their father during his lifetime.

Advancements were made by N. Lunsford, Sr., during his lifetime, to four of his children, if no more. The value of each advancement was fixed by him at the time of its making, and it was specifically designated as an advancement. He died 4 September, 1904, leaving a last will and testament, in which he disposed of his property as follows:

"I will that my wife, Mary J. Lunsford, take all of my estate, both real and personal to her own proper use so long as she remains my widow meting out to our children Equal Justice at her death or marriage all of my estate to be equally divided between my children, each one accounting for advancements, share and share alike."

Mary J. Lunsford died 8 August, 1923, without having married a second time.

In dividing the testator's property, after the death of his widow, the trial court was of the opinion,. and so ordered, that the advancements made by N. Lunsford, Sr., to some of his children during his lifetime should be charged with interest from the date of his death, 4 September, 1904.

Defendants appeal.

*N. Lunsford and William D. Merritt for plaintiffs.*
*C. A. Hall for defendants.*

STACY, C. J., after stating the case: N. Lunsford, Sr., made certain advancements to several of his children during his lifetime, and fixed the specific value of each advancement at the time it was made. In his last will and testament he provided for an equal distribution of his property among all of his children, after the expiration of a life estate given to his wife therein, and stipulated that said advancements should be accounted for in the final settlement of his estate. The single question presented for decision is whether the trial court erred in allowing interest to be charged on these advancements from the date of the death of testator, 4 September, 1904, till the actual division of his estate following the death of his widow in 1923. There is no contention that such advancements should bear interest from the time they were made. *Tart v. Tart,* 154 N. C., 502. But it is the contention of the defendants that, under the above clause in the testator's will, equal division of his ·estate was not to be had until the death or remarriage of his widow, and that as their enjoyment of the property was thus postponed, the advancements should be considered as of this date without any accrued interest. They say the time when the shares of all the children were to be made equal, under the provisions of their father's will, was at the death of their mother, the life tenant. We think the defendants are correct in this position. *Puryear v. Cabell,* 65 Va., 260; *Kyle v. Conrad,* 25 W. Va., p. 774.

An advancement may be defined as a provision made by a parent on behalf of a child for the purpose of advancing said child in life, and to enable him to anticipate his inheritance to the extent of such advancement. C. S., 1654, rule 2; *Thompson v. Smith,* 160 N. C., 256; *Kyle v.*

*Conrad, supra.* Ordinarily, the value of an advancement is to be determined as of the date of its making. *Ward v. Riddick,* 57 N. C., 22; *Shiver v. Brock,* 55 N. C., 137; *Lamb v. Carroll,* 28 N. C., 4; *Stallings v. Stallings,* 16 N. C., 298. And, on an accounting, no interest is to be charged against an advancement prior to the death of the testator or intestate, or the time fixed for division, where, by will, it is extended beyond the death of the parent or testator. *Tart v. Tart, supra; McNairy v. McNairy,* 1 Shannon's Tennessee Cases, p. 341.

Usually, the time for distribution is at the death of the parent. But here the time for division was postponed by the testator until after the death or remarriage of his widow. He made the advancements during his lifetime, and in his will he fixed the death of his widow as the time for the ultimate division of his estate. It is not to be presumed that he misunderstood the provisions of his will. But, on the other hand, his intention, clearly expressed, is controlling in the matter. *Kyle v. Conrad, supra.*

We are not considering a case where actual division has been delayed beyond the time fixed for distribution, either by law or by the testator. There a different rule may apply during the time of such delay. *McNairy v. McNairy, supra.*

The decision in *Daves v. Haywood,* 54 N. C., 253, is not at variance with this position, for in that case three of the children, or ultimate takers, borrowed upon their interests and took what they called "advancements" from the executrix and life tenant after the death of the testator. They were, therefore, properly charged with interest on these loans.

We are not unmindful of the argument that the position taken by the defendants should not be allowed to prevail, because, under C. S., 3234, the existence of the widow's life estate was no bar to the right of vested remaindermen to have the remainder sold for division or actually partitioned, subject to the right of possession of the life tenant during the continuance of her estate (*Baggett v. Jackson,* 160 N. C., 26); but this was not done, and the time for division is fixed by the will of the testator at the date of the falling in of the life estate. The defendants were under no greater obligation to proceed under this statute than the plaintiffs, even if it be pertinent or have any bearing on the question before us, which is not conceded.

There was error in allowing interest to be charged on the advancements prior to the time fixed for the final division of the estate, which was at the death of the life tenant.

Error.