Ruffin, C. J.
 

 The opinion of this court differs from that of bis Honor. We think, that the only subject within the
 
 *79
 
 purview of the act of 1806, Rev. Stab c. 701, is that of the gifts of slaves, and not other species of contracts respecting' them, such as hiring or lending. That is shown by the title itself, which is,
 
 “
 
 an act declaring
 
 what gifts
 
 of slaves shall be valid.” The same is seen throughout the enactments in the body of the act. Before that, a parol gift, either expressly made or implied from a parent’s putting the slave into the possession of a child, was good; and such gift constituted an advancement from the time of the gift or possession received, under the statute of distributions. It happened, that many pretended gifts were set up after the deaths of the alleged donors, who often retained the possession during life, and also that disputes arose between the creditors of spendthrift children and their parents-, whether the latter had given or lent negroes, which they had put into the possession of their children upon coming of age or marrying. Much litigation originated in such controversies, and perjuries and successful frauds were committed. As the remedy for those evils, the act of 1806 enacts, that all gifts shall be by writing with certain ceremonies, and that no other shall be valid. That is the scope of the first section of the act, which is as general as it can be in its terms, and embraces every possible case. It cuts up parol gifts, express or implied, though made to children. But it is of “ gifts” only, that it speaks. Then comes, however, a proviso to that sweeping enactment, vrhich is, “ that when any person shall have put into actual possession of his or her child, any slave, and the said slave shall remain in the possession of such child, at the time of the death of such person, he or she dying intestate, such slave shall be considered as an advancement to such child, and be regulated by the laws now in force, relating to advancements made to children by a parent, in his or her lifetime.” The obvious import of this clause is, that, notwithstanding the extensive enactment in the first section, it was the legislative intention, that certain gifts from parents to children should be good, though not in writing. That is the nature of a proviso, merely to except a certain case out of a general rule, which would otherwise in-
 
 *80
 
 elude it. The exception, it is not to be supposed, covers more than the general provision, to which it is an exception. As the enactment here relates only to gifts, the proviso cannot, ^en, be supposed to include gifts and loans both. It meant merely, that where a parent intended to make a gift to a child, and put the slave into his possession, and did not in his lifetime retract the gift, nor dispose of the property by making a will, that such a gift, though not in writing, should be good, as it would have been before the act.
 
 Bat there
 
 could have been no intention, that what the parties never meant should be a gift, but agreed on as a loan, should, nevertheless, be a gift. It is said, that the phrase “ shall have
 
 put into the possession
 
 of his child,” embraces the case of a slave delivered on loan, as well as one delivered by way of gift, and that, unless both be within the proviso, there are the difficulties in investigating the terms upon which a child received slaves at a remote period, which the legislature meant to remove. But those particular words cannot help us on this point. In the ■first place, the proviso being by way of exception, the natural construction is, that the slaves to which the proviso relates, are such as may be “ put into the possession of a child,” upon the terms and for the purposes before spoken of in the enacting part of the statute ; that is to say, as gifts. In the next place, it is certain, that every possession of a slave derived by a child from a parent, cannot be within the proviso, as if it be upon a hiring or a loan fora year. It will not be contended, that on such a hiring or loan the slave would belong absolutely to the child, if the parent should die intestate within the period. The same principle must govern a hiring or loan for ten or twenty years, or during the will of the parties. If the agreement be for a loan, of either kind, the possession is under and for the parent, not only in law, but according to the actual intention of the parties. Whereas, if the transaction was iti terms and in intention a gift, then, though in parol, the donee holds in fact for himself, though in law both his title and possession are liable to be defeated by the act of the donor in resuming or demanding the possession, or in making
 
 *81
 
 his will. As to the argument from the danger of perjury and fraud, we have to say, that was a subject for legislative deliberation, and cannot affect the judicial construction of a statute, the provisions of which are in themselves unambiguous. We may observe, however, that while the enactment is very broad, the exception is very narrow, being confined to a single case, that of a parol gift to a child, accompanied by possession delivered at the time, and continued during the life of the parent, and having the additional ingredient, that the parent does not affect to dispose of the slave at his death by making a will, but leaves the donation to become absolute by dying intestate. We adopt the language of Judge Henderson, in
 
 Stallings
 
 v.
 
 Stallings,
 
 1 Dev. Eq. 298, “that the circumstances stated in the proviso are evidence, in the estimation of the legislature, equal to that which is required in the first section to make a valid gift, viz: a writing evidencing an intent to giveand that “in the opinion of the legislature, the mischiefs intended to be prevented by the first section, the setting up of spurious gifts, by perjury and misconception, would not arise in the case within the proviso.” He concludes thereon, “ that the legislature not only withdrew that case” (namely, that within the proviso) “ from the operation of the act, but validated it and made it a good gift.” It is thus plain, that Judge Henderson deemed the cases within the act and the proviso to be, those of
 
 gifts
 
 and those only; which are required to be, generally, written, but with a single éxception, that, if to a child, they may still, under circumstances, be by parol. Indeed, to make the proviso embrace any thing else but gifts, would render it inconsistent with itself. It expressly declares the slave, that is within its purview, to be an advancement. In
 
 Stallings
 
 v. Stallings, and other cases, it is held that this advancement is to be taken as having been made at the time the slave was put into the child’s possession. Of course, the gift is deemed to have been effectually made at that time. But that is perfectly incompatible with the idea of an express loan. Suppose this defendant to have continually acknowledged, from year to year through the eighteen years,
 
 *82
 
 that he held under Allison on loan, is it not obvious that such acknowledgment excludes the notion of advancement
 
 ab initio
 
 by way of gift ? The legal effect is the same, whether ¿}efen¿¡ant ma(je such acknowledgments of the nature of his possession, or whether he acquired the possession as a loan and tacitly continued it as such. There is, indeed, a difference in the greater or less clearness with which the nature of the possession may be shewn, and the inference that may be drawn, that there might or might not have been a subsequent gift or purchase. But we have nothing to do with such inferences now, as we are not considering the sufficiency of the plaintiff’s proofs of a loan, but enquiring whether they are admissible, and therefore we are at present to assume them to be complete. If the transaction was a loan, it is clear that the slave could not be an advancement, and therefore it is not within the proviso. Besides the reasoning which leads to this conclusion, it is directly supported by authority. The case of
 
 Davis
 
 v. Brookes, 3 Murp. 133, was the first that arose under the act, and that turned on this very point. The jury was instructed, that if upon the evidence
 
 they
 
 found the defendant received the slaves as a gift, they should give a verdict for him, and if as a loan, for the plaintiff. The instruction was approved; and in delivering the opinion of the court, Chief Justice Taylor said,. “ that from the general purview of the act, the proviso exeepts the
 
 case of a gift
 
 from a parent to a child,” under the circumstances mentioned. In fine, the obvious import of the proviso, from a regard to the presumed wish of the parent, is to sustain a parol gift, where one was intended, but not to defeat the intention, when a loan was intended by turning such loan into a gift. We think that a loan is not within the act or proviso, and therefore that the plaintiff’s evidence was erroneously rejected.
 

 Per Curiam, Judgment reversed, and
 
 venire de novo.