*LEE L. JAMES and others v. WILLIAM G. JAMES and others,

*Advancement -- Deed of Gift to Child -- Wife's Distributive Share.*

1. Where a parent conveyed to his child by a deed of gift certain personal property, the deed setting out that it was "an absolute gift and intended as an advancement and was not to be accounted for in the distribution of his estate," and afterwards died intestate; *Held*, that the value of said property is not to be accounted for as an advancement in the distribution of the parent's estate.

2. A deed of gift made by a husband (who dies intestate) with intent to defeat the right of his wife to a distributive share of his personal estate is not void.

SPECIAL PROCEEDING commenced in the Probate Court of CATAWBA County, taken by appeal to the Superior Court of said County. removed on affidavit to Iredell County, and tried at Fall Term, 1876, of IREDELL Superior Court, before *Buxton, J.*

One James James died intestate in Catawba County in the year 1864, leaving a large estate consisting of land, negroes, money, notes, &c. The parties to this proceeding are the widow, children and administrators of said intestate.

A petition was filed for the sale of land for partition and for an account and settlement. A. C McIntosh Esqr. was appointed Referee to state an account, who reported a balance of $6,864.31, in the hands of the administrators, irrespective of advancements to certain children who were not charged with the same, by reason of the fact that said intestate in certain instruments of writing conveying property to

---

*Bynum, J. being of counsel in the Court below did not sit on the hearing of this case.

said children, expressly stated that the same "was not given as advancements nor to be accounted for as such."

There were exceptions filed to the Referee's report.

His Honor being of opinion that the Referee erred in deciding that the property conveyed to the children as above stated was not to be considered as advancements, reformed the account in that particular so as to charge the various amounts as advancements, and decreed a distribution of the estate in accordance with such reformed account. From which decree there was an appeal to this Court.

*Messrs. R. F. Armfield* and *Scott & Caldwell*, for plaintiffs·
*Mr. M. L. McCorkle*, for defendants.

PEARSON, C. J. On the argument it was agreed that the decision of two points of law will dispose of the case.

1. Father makes a deed of gift to son of several slaves, setting out in the deed that it was "an absolute gift and was intended as an advancement and was not to be accounted for in the distribution of his estate." The father dies intestate. Is the value of the slaves to be accounted for among the children as an advancement?

" A man has the right to do with his own property as he chooses," is a proposition agreed to on all hands. The restriction is he shall not interfere with the rights of other persons which are recognized either at law or in equity ; hence he is not at liberty either by sale or gift to dispose of property to which another person is entitled by mortgage or deed of trust, nor is he at liberty to dispose of his property by gift in respect to his creditors unless he retains property amply sufficient to pay his debts.

A child is not a creditor of his father and has no right to object either in law or in equity to the father's right of disposition. The child has a mere "expectancy." He cannot

assign it or dispose of it by testament nor does it devolve upon his representative.

His Honor was led into error by looking at children as creditors whereas they have never been so recognized either at law or in equity except to the extent that the parent is bound to give his children maintenance and an education according to his own notions in regard to the fitness of things, and as a corresponding right is entitled to the services of the child until coming to the age of 21 years. But the idea that a child is the creditor of his parent and has a right to restrict the *jus disponendi* in any manner or to any extent is a novel one.

A child says to his father, " You shan't give brother that slave or that horse ; if you do I will make him account for the value in the settlement of the estate." The father replies quietly (supposing him to be a man of even temper,) " My son, this is a matter in which you have no right to control me. I will do as I please with my own property ; and to punish you for undutiful behavior I shall make a will cutting you off with a sixpence."

The father can do so without at all interfering with the legal or equitable rights of the child. That is clear. If he can do so by will why has he not a right to do so by deed of gift ?

The doctrine of advancements is based on the idea that parents are presumed to intend, in the absence of a will, an " equality of partition" among the children ; hence a gift of property or money to a child is *prima facie* an advancement, that is property or money paid in anticipation of distribution of his estate, but surely this presumption may be rebutted by an express declaration in the deed of gift that it is not intended to be an advancement but is intended to be an absolute gift ; otherwise what becomes of the proposition, " a man may do with his own property as he chooses?"

2. Is the value of the slaves to be accounted for as against the widow?

In regard to dower the statute which cuts it down to such lands as the husband *dies seized of* contains an express provision making void, deeds made with intent to defeat the dower; so it is provided by statute that in case a husband dies leaving a will, the wife may dissent, but there is no statutory provision that in case a husband dies intestate, any deeds of gift made by him with intent to defeat the wife's right to a distributive share of his personal estate shall be void.

This may be "*casus omissus*" on the part of the law makers, but the Courts have no power to help the deficiency.

The judgment below is reversed and modified.

The report of the referee will be reformed according to this opinion by the Clerk of this Court and a decree will be entered accordingly.

PER CURIAM.                    Judgment accordingly.