## W. H. HARPER and others v. JESSE F. HARPER.

### *Partition—Advancement.*

1. When a father, having several children, conveys a valuable tract of land to one for a nominal consideration, the presumption is, that he intends it as an advancement and to be accounted for as such.

2. Either party may introduce evidence to support or rebut this presumption.

3. The order remanding the case to the Clerk was unnecessary. The whole case was in the Superior Court, and it was his duty to enter the order for partition as soon as the issue was tried by the jury.

(*Jones* v. *Spaight*, 2 Murph, 89 ; *James* v. *James*, 76 N. C., 331 ; *Melvin* v. *Bullard*, 82 N. C., 33 ; *Wilkinson* v. *Wilkinson*, 2 Dev. Eq., 376 ; *Dixon* v. *Coward*, 4 Jones' Eq., 354 ; *Brittain* v. *Mull*, 91 N. C., 498 ; *Strayhorn* v. *Blalock*, *ante* 292, cited and approved).

SPECIAL PROCEEDING, begun in the Superior Court of Greene county and tried at July Special Term, 1884, before *MacRae*, *Judge*.

Verdict and judgment for plaintiff; appeal by defendants.

*Messrs. Nixon & Galloway* for plaintiffs.
*Mr. W. C. Monroe* for defendant.

MERRIMON, J. With the exception of James Moore, James N. Cobb and William A. Darden, the plaintiffs and the defendant are the only heirs-at-law of Charles H. Harper, who died intestate and seized of considerable real estate. This action is brought, to have partition thereof made, according to law.

In his life-time, the said Charles H. Harper, on the 11th day of January, 1877, conveyed to his son, the defendant, by deed of bargain and sale, the fee-simple in the tract of land in the deed mentioned and specified. The consideration recited in it, is one dollar, and it contains covenants of seizin and general warranty.

The plaintiffs contend, that the father and bargainor in the deed, conveyed the land to his son as an advancement, and that there was no valuable consideration therefor, except the nominal sum of one dollar, and that the defendant must, in the partition of the lands, be charged with, and account for, such advancement.

The defendant, on the contrary, contends that the land was not conveyed to him as an advancement, but for a substantial and valuable consideration. On the trial the court submitted to the jury the following issue, to which they responded in the affirmative, to-wit: "Did Charles H. Harper settle upon and advance to the defendant Jesse F. Harper, his son, the real estate conveyed by him to said defendant, as mentioned in the pleadings, to be accounted for by the said Jesse in the division of his said father's lands?"

If a father, in his life-time, having more than one child, conveys land to one of them in consideration of love and affection, or for a nominal consideration, as for a dollar, the land being of considerable value, and die intestate, the presumption is, that he intended the land thus conveyed as an advancement to such child, that is, that he intended, and the statute of this State requires, that the child so receiving the land, shall, after the death of the father, in the settlement of his estate, account for and be charged with it, whether it consists of real or personal property or both, as prescribed by the statute. *The Code, secs.* 1281, 1483, 1484.

The presumption in such case is, nothing else appearing, that the father intends that each and all of his children shall share equally in his estate. It is not to be supposed that naturally a father will prefer one of his children above another; in the orderly course of nature, he is supposed to regard and treat all alike, and as having equal claims upon his affection and bounty. *Jones* v. *Spaight,* 2 Murph., 89; *James* v. *James,* 76 N. C., 331; *Melvin* v. *Bullard,* 82 N. C., 33.

It oftentimes, because of one consideration or another, happens otherwise, but, in the course of business affairs and things, this must be made to appear.

In this case, the natural inquiry was, whether or not the father *intended* the land conveyed to his son, the defendant, as an advancement.

It was competent for the plaintiffs or the defendants, to introduce any evidence pertinent for this purpose. The appellees had the right to put in evidence the deed from the father to the son, and it appearing from it, that the land conveyed by it consisted of two hundred and fifty acres, and that the consideration recited in it was nominal—one dollar—the presumption was, that the land was intended as an advancement to the appellant. The appellees might strengthen the *prima facie* case thus made, by other appropriate evidence tending to show the intent of the father. On the other hand, the appellant had the right to introduce evidence pertinent to show that he paid for the land a substantial valuable consideration, or, that his father intended to convey it to him absolutely and free from all obligations to account for it as an advancement. The father had the right to give the land to his son, if he saw fit to do so, discharged of all obligation to account for it as an advancement.

It was contended on the argument, that the parol evidence introduced by the appellees, was incompetent, *because* its effect was to explain and contradict the deed. This is a misapprehension of the purpose of the evidence. The deed was not in question at all. There was no purpose to contradict, change or modify

its terms, or to change its meaning in any degree. Its office was to convey the title to the land.

The evidence was introduced in respect to a matter outside of and independent of it; it was intended to show with what intent the father and bargainor made it, apart from the purpose to convey the land to his son. It was put in evidence, not to prove title, but to show a particular intent on the part of the maker of it, in another respect distinct from it. If the deed had recited a substantial, valuable consideration, as the deed did in *Wilkinson v. Wilkinson*, 2 Dev. Eq., 376, it would not have served the appellee's purpose as evidence; in that case, the presumption would have been that the land was not conveyed to the son as an advancement, but for a valuable consideration. *Jones v. Spaight, supra; Dixon v. Coward*, 4 Jones, Eq., 354; *Adams Eq.*, 102, and note 1.

The declarations of the defendant, while he was in possession of a tract of land belonging to his father, and for which he had no deed nor contract of purchase, as to the quantity he had in possession, were incompetent, because they were irrelevant and immaterial; whether he had possession of much or little land could not throw light upon the question at issue.

The appellant introduced evidence to show that his father permitted him to take possession of and improve a tract of land, but did not convey the same to him, or agree to do so, in writing, and he insisted that the deed mentioned was made in consideration of the improvements he made upon that land and his surrender of the possession of it.

It was competent for the appellees to show by a witness, that he was a tenant of the appellant on the land he so occupied and improved, and cleared about thirty acres of it for the appellant, and paid no rent for it the first year, after clearing it, but paid for it for the second and third years one fourth of the crop produced by him.

This evidence tended to show that, in fact, the appellant had realized from the land ample compensation for the improvement

he had made upon it, and what he did thereupon constituted no part of the consideration for which his father conveyed the land to him. The evidence was relevant as going to show that the contention of the appellant as to the consideration for the deed, not recited in it, was unfounded.

The order of the court, remanding the case to the clerk, with directions to proceed according to law, was unnecessary, because the whole case was in the Superior Court, and when the issue was passed upon by the judge, it was the duty of the clerk to proceed according to law, without any orders, that is, he ought to have proceeded to enter the order, and take such action as and for the Court as the statute prescribed in such cases. *Brittain v. Mull*, 91 N. C., 498; *Strayhorn v. Blalock, ante* 292.

No error.                                                        Affirmed.