W. A. KIGER, et al. v. T. W. TERRY, et al.

*Advancement by Parent to Child—Presumption—Intent of Grantor.*

1. Where property is transferred from a parent to a child the question whether it is a gift, loan or advancement is to be settled by the intention of the parent and surrounding circumstances, to show which parol evidence is admissible.

2. Where a deed from a parent to a child recites a valuable consideration, near the value of the property conveyed, the presumption is that the conveyance was not intended as an advancement, and the burden of proving it to be an advancement is upon him who alleges it to be such.

SPECIAL PROCEEDING, for the partition of real estate among the heirs-at-law of Charity Shackleford, pending in STOKES Superior Court, and heard on report of referees before *Norwood, J.,* by consent, *at Chambers,* in Winston, Forsyth County.

KIGER *v.* TERRY.

From a judgment of his Honor overruling the exceptions to the report of the referees the plaintiffs appealed. The facts sufficiently appear in the opinion of Chief Justice FAIRCLOTH.

*Mr. A. M. Stack,* for plaintiffs (appellants).
*Messrs. Watson & Buxton,* for defendants.

FAIRCLOTH, C. J. : This is a special proceeding for partition, and the only matter in dispute below and now before this Court is whether certain deeds, made for several small tracts of land by Charity Shackleford to some of her children, are advancements to be accounted for in a partition of the estate with the other children. A reference was had to state an account in regard to the question of advancement, and to ascertain how much, if anything, had been advanced to each child. The referees report much confused and conflicting evidence and their findings of fact and law.

They find that in the deeds conveying the lands a substantial and valuable consideration is recited ; that the amount of consideration recited in the deeds is about three-fifths of the estimated value of the lands conveyed ; that the consideration was paid in board of the intestate for fifteen years, taxes, cost, &c. ; that the grantor did not intend to charge the grantee with a difference between the recited consideration and the estimated value as an advancement. It does not appear whether the value was estimated at the date of the deeds or at the death of the intestate, who boarded with T. W. Terry, the principal grantee, at $3 per month, and that she performed some very small service for him during said time ; that they had several settlements for rent, board, &c., and conclude that none of the grantees are chargeable with any sum as advancements. -

Plaintiffs filed exceptions to the report without stating distinctly on what grounds. We infer that they intend to say that the evidence did not justify such findings. We have looked at the evidence and find it conflicting, but there is some evidence. We cannot consider the force of the evidence, but we take the facts found by the referees as true. The report was confirmed, and judgment accordingly, and an appeal by the plaintiffs.

Advancements are the creatures of statute law. *Code*, Sections 1281(2), 1483, 1484. When a parent places property in possession of the child it may be a loan, a gift or an advancement, and the question is settled by the intention of the parent and surrounding circumstances and other evidence, in which case parole evidence is admissible. Thornton on Gifts and Advancements, 591 ; *Melvin* v. *Bullard*, 82 N. C., 33 ; *James* v. *James*, 76 N. C., 331. In the latter case the deed recited that it was " an absolute gift and intended as an advancement, and was not to be accounted for in the distribution of his estate." Held, that the value of the property is not to be accounted for as an advancement, on the ground of the manifest intent that it was an absolute gift.

In some few States by statute the parent's intention is excluded, and all transfers of property by him to a child are held advancements to be accounted for, proceeding on the principle of enforcing absolute equality. Our statute contains nothing to exclude the intent and circumstances of the case but leaves in force the ancient principle that the owner of property may dispose of it according to his own desire.

An advancement is a gift of money or property for the preferment and settling of a child in life, and not such as are mere presents of small value or such as are required for the maintenance or education of the child. The latter are

the natural duties of the parent which he is required to perform. *Meadows* v. *Meadows*, 11 Ired., 148 ; *Bradsher* v. *Cannady*, 76 N. C., 445 ; Thornton, *supra*, 510 ; 4 Kent Com., (13th Ed.,) 418. There can be no doubt that when a parent (father or mother) transfers property into the possession of his or her child, and nothing more appears, an advancement is presumed ; and if land is conveyed by deed, reciting a nominal consideration or natural affection, the same presumption arises, and the burden of proof is then on the grantee or donee to show that an advancement was not intended ; and to that end he may introduce evidence, parole or otherwise, not to contradict the deed but to show the intent of the grantor. *Harper* v. *Harper*, 92 N. C., 300.

The above-stated presumption, however, does not prevail when the deed recites a valuable and substantial consideration, especially when it is near the full value of the land or other property. The burden then to prove it an advancement is upon the person claiming it to be such. The presumption is then removed, and the question of intent is then an open one, for proof on either side. Thornton, *supra*, 552 ; *Harper* v. *Harper*, *supra*.

Apply these principles to the case before us ; there was no error in the judgment below. Each party introduced evidence on the question being considered, and the referees found the facts as before stated.

                                        Affirmed.