GRIFFIN, EX-PARTE.

(Filed September 25, 1906).

*Deeds — Advancements — Presumption—Parol Evidence—*
*Recitals—Consideration.*

1. The doctrine of advancements is based on the idea that parents are presumed to intend, in the absence of a will, an "equality of partition" among their children; hence, a gift of property or money is *prima facie* an advancement; but this presumption may be rebutted.

2. Parol evidence is competent to rebut the presumption as to an advancement arising upon the face of a deed and to show the real intention of the parent.

3. The presumption of an advancement raised upon the words in a deed, "in consideration of a gift," is not rebutted in the absence of evidence that some substantial consideration passed and that it was not in fact a gift nor intended as an advancement.

4. Where a father conveyed to his daughter four acres of land in consideration of $25, the receipt of which was acknowledged, and the further consideration that she pay to her father one-half the crops for ten years, provided he should live ten years, and there was evidence that she paid the $25 and delivered one-half the crops as stipulated, and there was no evidence in regard to the value of the land, the presumption arises that the conveyance was a sale, and not a gift or advancement.

5. A recital in a deed that the consideration was paid, in the absence of any testimony to the contrary, would control, and the status of the parties be the same as if the payment of the recited consideration was proven.

SPECIAL PROCEEDING by Della Griffin and others, *ex-parte*, pending in the Superior Court of NASH, and heard on appeal from the Clerk by *Judge E. B. Jones* by consent, at chambers, at Wilson, N. C., on 26 February, 1906.

From the judgment rendered the petitioner, Henrietta Robbins, appealed.

*F. A. Woodard, Battle & Cooley* and *R. T. Barnhill* for Henrietta Robbins.

*T. T. Thorne* for Mahala Farmer.

CONNOR, J. This is a special proceeding for the purpose of having partition of the lands which descended to petitioners as the heirs at law of their father and grandfather, John J. Sharp, deceased.

The only question presented on the appeal of petitioner Henrietta Robbins for our decision relates to the exception to his Honor's ruling upon the claim made by the other petitioners in regard to advancements alleged to have been made to her.

It appears from the record that the ancestor of the petitioners on 31 March, 1883, "in consideration of a gift to Henrietta Lancaster," since married to petitioner Robbins, conveyed to her for life and then to her children a small parcel of land, the value of which is not shown.

There was evidence tending to show the circumstances under which the deed was executed which we do not deem necessary to set forth. *Pearson, C. J.,* says: "The doctrine of advancements is based on the idea that parents are presumed to intend, in the absence of a will, an 'equality of partition' among their children; hence, a gift of property or money is *prima facie* an advancement, that is, property or money paid in anticipation of distribution of his estate; but surely this presumption may be rebutted," etc. *James v. James,* 76 N. C., 331 (the word "not" is omitted in the quotation from the language of the deed, both in the head-note and in the opinion. This is manifest; otherwise the conclusion is a *non sequitur*). In *Harper v. Harper,* 92 N. C., 300, the principle announced in *James v. James* is approved, and it is further said that parol evidence is competent to rebut the presumption arising upon the face of the deed and show the real intention of the parent; that the introduction of such testimony does not contravene the rule prohibiting the contradiction by parol of a recited consideration, but may be heard for the purpose of showing the intention of the parent. These cases are followed in *Kiger v. Terry,* 119 N. C., 456.

The question is not whether the presumption raised upon the recited consideration may be rebutted, by showing merely a valuable consideration understood in its technical sense, but whether some substantial consideration passed, and that it was not in fact a gift nor intended as an advancement. Considered from this point of view, we do not think the testimony, accepting it as true, rebutted the presumption raised upon the words "in consideration of a gift." The exception in respect to the deed of March, 1886, cannot be sustained.

On 24 March, 1905, Mr. Sharp executed a deed conveying to Mrs. Robbins four acres of land "for and in consideration of twenty-five dollars to him paid by the said Henrietta Rob-

bins, the receipt of which is hereby acknowledged, \* \* \* and the further consideration, that the said Henrietta Robbins pay to the said John J. Sharp for the term of ten years from the date of said deed, providing the said J. J. Sharp shall live ten years from the date of said deed, one-half of all the fruits and crops that shall be raised on said lands."

There was uncontradicted testimony that she paid the recited consideration of $25 and delivered one-half the crops made during the year 1905. Mr. Sharp died during the fall of that year. There was no evidence in regard to the value of this land. Adopting the same principle invoked in regard to the other deed, the presumption arises that the conveyance of March, 1905, was a sale and not a gift, and there is therefore no presumption that it was an advancement. We find nothing in the testimony tending to rebut this presumption. The appellee says that the testimony of Mrs. Robbins that she paid $25 for the land conveyed 24 March, 1905, is incompetent by reason of sec. 590 of The Code (Rev., sec. 1631). The record shows no exception to its introduction. If, however, it had been excluded, the recital that the consideration was paid, in the absence of any testimony to the contrary, would control and the status of the parties be the same.

We think the Clerk ruled correctly that the value of this land was not to be charged to Mrs. Robbins as an advancement, hence the exception to his Honor's ruling in that respect must be sustained. As the parties have agreed upon a method of ascertaining the value of the land for which the appellant must account, the judgment must be so modified that when the amount is fixed she will be charged therewith, and further proceedings had in accordance with the rights of the parties and the practice of the Court. Each party will pay her own cost in this Court. The judgment is

Modified and Affirmed.