. A. L. BENNETT v. THE CAROLINA MANUFACTURING
COMPANY.

(Filed 13 May, 1908).

1. **Negligence—Safe, Appliances—Evidence—Testimony as to Facts, Not Opinion.**

When plaintiff contends that the negligent failure of defendant to furnish a safety shield, in general use, to a buzz planer at which he was employed to work was the cause of his hand getting caught in the machinery and inflicting the injury complained of, it is encumbent on him to prove, and it is competent for him to testify, not as his opinion, but as to the facts within his own knowledge, that the shield had been upon the planer and was taken off by defendant's overseer, under his objection, to save time; that with the proper use of the shield his hand could not have been caught, explaining why, and that he would have used it properly. (*Marks v. Cotton Mills,* 135 N. C., 287, cited and distinguished).

2. **Same—Nonsuit—Some Evidence.**

A motion as of nonsuit upon the evidence will not be sustained in an action for personal injury occasioned to plaintiff in operating, in the course of his employment, a buzz planer of defendant, when there is evidence tending to show that the use of the buzz planer without a shield is unsafe, and that the defendant's overseer had taken away the shield to save time, under plaintiff's objection that it was dangerous to do so.

ACTION tried before *Ferguson, J.,* and a jury, at November Term, 1907, of MECKLENBURG.

The following issues were submitted:

"1. Was the plaintiff injured by the negligence of the defendant?" Answer: "Yes."

"2. Did the plaintiff by his own negligence contribute to his injury, as alleged in the answer?" Answer: "No."

"3. Did the plaintiff assume the risk of being injured in the way he was injured while operating said machine?" Answer: "No."

"4. What damage is plaintiff entitled to recover?" Answer: "Two thousand two hundred dollars."

From the judgment rendered the defendant appealed.

*Burwell & Cansler* and *Stewart & McRae* for plaintiff.
*Tillett & Guthrie* for defendant.

BROWN, J.   The plaintiff's hand was badly injured while operating a buzz planer in defendant's factory.   The plaintiff offered evidence tending to prove that the planer was equipped with a safety shield, which he was in the habit of using; that such was in general use on such machines, and that he used the shield "pretty much all the time."   Plaintiff gives this account of why he did not have the shield when injured: "Martin, the foreman, asked me several times what it was for, and I picked it up and he told me to put it away. Then he asked me again what it was for, and I picked it up and put it on the machine and explained how it worked, and he said, 'Isn't that in the way in doing rabbeting and little work on the machine?'  I said, 'Yes; it will take two or three minutes to take it off and put it on, but it is better than to tear some man's hand up and disable him for life.'   He took it up and carried it upstairs, and I did not see it any more.   I told him it would take two or three minutes to take it off and put it on, but it was better to do that than to disable some man for life."

The following questions were allowed over defendant's objection:

"Q. If you had had that shield on there, could your hand have hit the knives when it slipped off the piece of plank?

"A. No, sir; that safety guard would have the knives all covered over, with the exception of about an inch or an inch and a quarter of space where the knives cut the edge of the plank.   It would be impossible for a man to get his hand in there unless he stuck it right down in that little crack.

"Q. If you had had this guard while you were doing that work would you have had it on the machine?

"A. Yes, sir."

We think the exceptions untenable.   It was encumbent on plaintiff to prove that the absence of the shield was the imme-

diate cause of his injury, and to do so he must prove that if he had had the shield he would have used it in the kind of work he was doing at the time he was injured, and that the use of it would have prevented the injury.

This differs very materially from the evidence ruled out in *Marks v. Cotton Mills,* 135 N. C., 287. In that case the witness was permitted to give an opinion as to whether the cogwheels should not have been covered, in an endeavor on the part of plaintiff to prove negligence.

In this case the planer had been covered and, according to plaintiff's evidence, the shield taken away by the foreman to save time.

The plaintiff was testifying to a fact within his own knowledge and experience as to the efficacy of the shield as a protection, and was not giving an opinion. *Shaw v. Manufacturing Co.,* 146 N. C., 235; *Railroad Co. v. Blaker,* 64 L. R. A., 81; *Stewart v. Railroad,* 141 N. C., 265.

The motion to nonsuit was properly overruled. Although the matter was in dispute, yet there was evidence to go to the jury that the use of buzz planers without shields is unsafe and constitutes negligence upon the part of the master. In this particular the plaintiff's contention in that respect is fortified very strongly by evidence tending to prove that the particular planer furnished by defendant had a shield which would protect the operator from just such an injury as plaintiff sustained, and that it was removed, against plaintiff's objection, by defendant's foreman, to save time.

We find nothing in the record upon which to base the defense of contributory negligence or assumption of risk. It is now settled that the servant does not assume the risks of injury arising from his master's negligence.

We think the charge of his Honor is free from substantial error, and that the contentions of the parties were fully and fairly explained to the jury.