BENNIE ROE, BY HIS NEXT FRIEND, v. JAMES C. JOURNIGAN.

(Filed 6 April, 1921.)

1. **Evidence—Declarations—Deeds and Conveyances—Tender—Refusal of Grantee—Res Gestae.**

   The grantee of a deed to the same lands had two deeds from the same grantor, his father, one reserving a life estate to another, and the other conveying the fee-simple title, reciting the cancellation of the first: *Held*, to rebut the presumption of delivery of the first deed by the fact of registration, it was competent to show by a disinterested witness, testifying directly to the fact, that the grantee had refused to accept the tender of the first deed, and what had been relevantly said at the time, as a part *of the res gestæ*, but not what was said after the first deed had been recorded.

2. **Evidence—Declarations—Interest.**

   The declarations of a grantor of a deed in the chain of title that the grantee had refused delivery, to rebut the presumption of the delivery, are in the interest of the grantor, and those claiming under him, and are inadmissible in evidence.

3. **Limitation of Actions—Deeds and Conveyances—Estates for Life—Infants.**

   The statute of limitations will not ordinarily begin to run against the remainderman until the falling in of the life estate, or until he becomes of legal age.

4. **Deeds and Conveyances—Grantee Not In Esse—Revocation—Statutes.**

   The provisions of the statute, ch. 498, Laws of 1893, making revocable by the grantor his deed to persons not then in being, has no application when the deed was made prior thereto, for the rights conferred thereunder are fixed at the date of its registration.

5. **Attorney and Client—Infant Parties—Counsel Fees—Allowances—Procedure—Clerks of Court.**

   The Superior Court judge cannot fix the compensation of the attorney for an infant party to the action and declare it a lien upon the lands in

controversy, the procedure therefor being before the clerk, where the infant may be represented by a guardian, and the amount fixed subject to the approval of the proper tribunal in passing upon his accounts.

APPEAL by defendant from *Kerr, J.,* at August Term, 1920, of FRANKLIN.

This case has been before us twice heretofore, *Roe v. Journigan,* 175 N. C., 261, and *S. c.,* 179 N. C., 686.

The facts are fully stated in the first appeal, 175 N. C., at p. 262. William Roe executed a deed 26 August, 1881, to plaintiff's father, W. S. Roe, by which he conveyed to him a life estate with remainder to his then wife for life if she survived him, and then to his children. This deed was recorded 27 May, 1882. On 2 January, 1886, he made a second deed to his said son, W. S. Roe, in fee simple, for the same tract of 50 acres, which was recorded. Thereafter W. S. Roe married a second time, and died July, 1915, leaving the plaintiffs, his children by his second wife, surviving him. The controversy is as to the validity of the deed of 1881.

W. S. Roe and his second wife conveyed the land to the defendant, and the deed was duly recorded. This action by the grandchildren of William Roe, who are the children of W. S. Roe by his second wife, against Journigan, the grantee of the deed by W. S. Roe, raises the question whether the deed for life estate to W. S. Roe was ever delivered. On this trial the court excluded testimony offered, and directed a verdict for the plaintiffs, and the defendant appealed.

*W. H. and Thomas W. Ruffin and W. M. Person for plaintiffs.*
*B. T. Holden and W. H. Yarborough for defendant.*

CLARK, C. J. The real controversy in the trial is as to whether the excluded evidence was competent as tending to rebut the presumption of the delivery of the deed of 1881, which was raised by its registration. When the case was first here, 175 N. C., 261, the Court held that evidence of the declaration by W. S. Roe, that he would not accept the deed of 1881 conveying a life estate was incompetent, because he was not a party to the action, nor was he one under whom the plaintiff claims as he derives his title from the deed of William Roe and not from W. S. Roe, and if admissible at all it could only be so as a declaration against interest, which it was not, but was a self-serving declaration on the part of W. S. Roe, and therefore incompetent.

On the second appeal, 179 N. C., 686, the judge admitted the testimony of W. S. Roe to the same purport upon the ground that it appeared that W. S. Roe was not the sole heir of his father, and had moved from the land in controversy, and therefore it was not a self-

serving declaration, but the Court again held there was error, because this did not show that the declaration was against the interest of the declarant.

On the trial from which this appeal is taken, the defendant offered to prove by Robert Harris that between 1881 and prior to 1886, that is, after the execution of the first deed and before the execution of the second, the witness was at William Roe's house, W. S. Roe being present; that William Roe had the deed of 1881 in his possession, and offered it to W. S. Roe, who refused to take it, saying he did not want any land unless he could have it absolutely to do as he pleased with, and that he would not take a life estate.

On both the former trials we held that what W. S. Roe *said* to another witness was not competent, because not a declaration against interest, but here the defendant offered to show what William Roe and W. S. Roe *did* in respect to the delivery of the deed, and the words accompanying such act, not as declarations against interest, but as part of the *res gestæ,* showing that in fact there was no delivery, and the defendant contends that this evidence was therefore competent. But the witness also stated that this occurrence took place about 12 months before Journigan bought the land in December, 1886 (which would have been about December, 1885), and, therefore, three and a half years after the first deed had been recorded, and we do not think the evidence of a tender and the refusal by W. S. Roe of the deed at that date was sufficient evidence to go to the jury to rebut the presumption of delivery arising from the registration of the deed, 27 May, 1882, especially when the second deed to W. S. Roe recites that it was intended as a cancellation of said first deed.

The defendant also excepts because of the rejection of the testimony of Edward L. Harris, which was offered to prove that "some time between August, 1881, and January, 1886," William Roe stated to the witness that the tract of land belonged to himself, William Roe, and that W. S. Roe had refused to accept the deed because it did not convey a fee simple estate. It does not appear, therefore, that this declaration by William Roe was made prior to the registration of the first deed; and further, it was a declaration in the interest of William Roe.

It appears that the defendant Journigan obtained a deed with full warranty from W. S. Roe in December, 1886, and has been in possession 32 or 33 years, claiming it his own in good faith, and at the time of this conveyance W. S. Roe had no children. The defendant also pleads the statute of limitations, but this deed was certainly a conveyance of the life estate of W. S. Roe, who survived until 1915, and this action was begun in November, 1915. At that time the plaintiff was, and still is, an infant. The brother was then 25 years of age, and is not a party to

this action, except as a next friend to the infant plaintiff, who alone recovers. It seems to be a hardship upon the defendant, especially as under the act of 1893, ch. 498, now C. S., 996, a deed such as this, conveying an interest to a person not then in being, is revocable. It is true that according to the evidence the plaintiff has been born since the act of 1893, but the rights conferred under that deed were fixed by the statute in force at the date of its registration in 1882. *Roe v. Journigan,* 175 N. C., 263.

What the defendant may be entitled to recover for betterments placed upon the land under *bona fide* belief of the ownership of the legal title, C. S., 701, and by reason of the warranty of the father, to the extent of property, if any, descended upon the plaintiff from the estate of his father, C. S., 1741, are matters not now before us. We can only declare that the testimony offered to rebut the presumption of delivery arising upon the registration of the deed in 1882 was not sufficient to go to the jury.

The allowance of $500 to counsel for the infant is irregular, and must be stricken out. The compensation should be fixed by proper proceedings before the clerk, *Speight v. R. R.,* 161 N. C., 87, and the making the allowance a lien upon the land and directing a sale if not paid is not authorized, so far as we know, by any precedent. The counsel who so faithfully and ably represented the infant plaintiff in this case are entitled to compensation, but it must be adjusted with the guardian. It may be that the infant already has other property and a guardian, or if not, one must necessarily be appointed to take charge of the property recovered in this case, and in either event the guardian will adjust the fee with the counsel, which will be passed upon by the clerk in approving the accounts.

In *Midgett v. Vann,* 158 N. C., 130, the Court says that "Counsel fees in favor of the successful party were abolished by statute in 1871. In many states attorneys' fees are allowed the successful litigant, but it is not so in this State, and in some others, and in the Federal Court. *R. R. v. Elliot,* 184 U. S., 530; *Hyman v. Devereux,* 65 N. C., 589; *Stringfield v. Hursh,* 94 Tenn., 425. The opinion in this latter case is an elaborate discussion on this subject, and gives the states where attorneys' fees are recoverable and those where they are not, placing North Carolina in the last named list. See *Donlan v. Trust Co.,* 139 N. C., 212."

In regard to allowance of fees to counsel against their own client it was said in *Mordecai v. Devereux,* 74 N. C., 673: "The question is decided. *Patterson v. Miller,* 72 N. C., 516. This Court has never interfered between attorney and client in making allowances for professional services, and we are not inclined at this late day to assume the

power to do so. We make allowances to the clerk for stating the account, or to a commissioner for making a sale, on the ground that this work is done by order of the court. We have never supposed that we could be called on to settle fees between client and the attorney, although there be a fund in the keeping of the court." In this present case there is no fund in the keeping of the court even, and this matter should be adjusted as above indicated when the infant can be represented by his guardian, subject to the approval of the proper tribunal in passing upon his accounts.

No error.