### J. M. REECE v. WORTH WOODS.

(Filed 21 December, 1921.)

**Evidence—Deeds and Conveyances—Delivery—Fraud—Self-serving Declarations—Deceased Persons.**

Where the plaintiff claims title to the lands in dispute under a deed from his father, since deceased, conditioned upon support, etc., and seeks to set aside a prior deed given by the same grantor to his son of a former marriage, as a cloud upon his title, and introduces this deed for that purpose, evidence of declarations of the grantor testified to by the plaintiff's attorney seven years afterwards that the defendant's deed, though absolute in form, was not delivered pending an agreement for support as its consideration, and that it was taken secretly by the defendant, and fraudulently registered by him, is inadmissible as a self-serving declaration of the declarant in his own favor and against the right of the defendant, under his deed.

APPEAL by defendant from *Long, J.,* at the April Term, 1921, of CHEROKEE.

The purpose of the action is to have declared void, and set aside as a cloud on plaintiff's title, an alleged deed from W. L. F. Woods and wife, Laura, to defendant, appearing on the registration books of Cherokee County as of December, 1912, on the ground that the said deed had never been delivered to defendant. The cause was before the Court on a former appeal by plaintiffs from a judgment of nonsuit against him in the lower court, and same will be found reported in 180 N. C., 631. Pursuant to the opinion in that appeal setting aside the judgment of nonsuit, the cause in the present trial was submitted to the jury on appropriate issues, and there was verdict for plaintiff. Judgment on the verdict, and defendant excepted and appealed, assigning errors.

*J. N. Moody for plaintiff.*
*D. Witherspoon and Dillard & Hill for defendant.*

HOKE, J.   On the present trial it appeared that the land in dispute had been the property of W. L. F. Woods, who died on 24 February, 1920.   Plaintiff, a son of Mrs. Woods by a former husband, put on evidence a deed from said W. L. F. Woods and wife, Laura, to plaintiff and his wife, Ella, for the land in dispute, dated 27 February, 1919, registered 28 February, 1919, conveying the land in controversy and containing the clause:   "This deed is made upon the consideration that J. M. Reese and wife shall support and provide for W. L. F. Woods and wife, Laura, during their lives, and give them a decent burial suitable to their station in life, etc.   On full compliance with above conditions, this deed to be in full force and effect, otherwise void."

For the purpose of attacking it, plaintiff introduced the alleged deed from W. L. F. Woods and wife, Laura, to defendants, dated 1 April, 1912, registered 6 December, 1912, in said county, the same being in regular form with general warranty, covering same land "and without reservations, exceptions, or conditions."

There was evidence on part of plaintiff tending to show that the deed under which defendant claims was never in fact delivered, but having been signed and acknowledged by grantors, W. L. F. Woods and wife, was withheld until the alleged grantee, Worth Woods, who was a son of W. L. F. Woods by a former wife, should enter into some binding obligation for support, etc., or because such obligation was not expressed in the deed.   That same was in the custody and control of said Laura when defendant surreptitiously took it from the bureau drawer where it was kept and had it put on the registry without any authority therefor from the alleged grantors, or either of them.

On the part of defendant there was evidence offered in support of his alleged deed, among other testimony being declarations of W. L. F. Woods tending to show he had directed the registration of the deed, etc.

In reply, Mr. J. H. McCall, who had been acting as one of plaintiff's attorneys, having withdrawn from the case as attorney, was offered as a witness by plaintiff, and over defendant's objection was allowed to testify in effect that in a conversation with W. L. F. Woods some time in the spring of 1919 said Woods told witness that the deed to his son had been prepared and acknowledged, but that on ascertaining that the same contained no provision for the support of declarant and his wife, and other things the alleged grantee was to do as part of the consideration, the delivery of the deed was withheld and same had been taken and put on registry without authority, etc.   It will be noted that this declaration is seven years, or near that, after the alleged execution and registry of

the defendant's deed, and is clearly a self-serving declaration on the part of declarant in impeachment of defendant's deed and in favor of the declarant's own title, and certainly in favor of the right to support stipulated for in the deed to plaintiff.

In our opinion the exception of defendant to the admission of this evidence must be sustained, and for the error, defendant is entitled to a new trial of the issue.   *Roe v. Journigan,* 181 N. C., 180.

New trial.