### DORA NOBLES ET AL. V. W. H. DAVENPORT.

(Filed 22 March, 1922.)

**1. Parent and Child—Advancements.**

An advancement is a voluntary and irrevocable gift of money or property, real or personal, *in praesenti* by a parent to a child with the intention on his part that it shall represent a part or the whole of his estate to which the donee would be entitled at his death.

**2. Same—Presumptions—Donor's Intent—Equality of Division.**

The legal presumption that when a parent dies intestate he intends an equality of division of his estate or property between his children is subject to rebuttal by parol evidence; and whether the transfer is to be regarded as a gift, or a sale, or an advancement, the ascertained intent of the grantor controls as it existed at the time of the transaction.

**3. Same—Deeds and Conveyances—Life Estate Reserved—Estates.**

The question as to whether a conveyance of land by a father to his son should be construed as an advancement or sale is not affected by his reserving to himself a life estate therein.

**4. Same—Evidence—Parol Evidence—Appeal and Error.**

To discover whether the transfer of property by the father in his lifetime to his child was intended by him as an advancement, gift, or sale, in whole or in part, the circumstances surrounding the interested parties at the time may be considered.

**5. Same—Rebuttal.**

A substantial gift *in praesenti* by the parent to his child, by a conveyance of land in consideration of love and affection, or a nominal sum, is ordinarily presumed to be an advancement, which presumption may be overcome, or rebutted where it is shown that the transfer had been made for a valuable or adequate consideration.

**6. Same—Questions for Jury—Trials.**

A father conveyed a large portion of his lands to his son in consideration of love and affection, reserving a life estate, which deed was not registered, and made a conveyance of other lands to a daughter for the same consideration, which was afterwards registered and admitted to

have been an advancement. Thereafter the donor conveyed to the son the same lands he had theretofore conveyed to him, expressing a consideration of love and affection and the sum of $700, receiving back a mortgage to secure the purchase-money notes, which was subsequently canceled of record, followed afterwards by a release of the life estate the grantor had reserved to himself in his former deeds. In an action by the donor's other children to declare the latter deed an advancement: *Held*, the evidence was sufficient to be submitted to the jury upon the donor's intent, as to whether the transfer was an advancement or sale, in whole or in part; and *held further*, that evidence as to the value of the *locus in quo* was erroneously excluded.

APPEAL by plaintiff from *Bond, J.*, at the June Term, 1921, of LENOIR.

Dora Nobles and her sister, Denny Nobles (the husband of each being a party), instituted before the clerk a special proceeding against the defendant (their brother) for partition of land and accounting for advancements. The plaintiffs alleged that their father, S. H. Davenport, conveyed to Denny Nobles and to the defendant each a tract of land as an advancement, and that the petitioner, Denny, was willing to account. The defendant filed an answer denying that he had been advanced, and the case was transferred to the civil docket. The cause was heard in term before Bond, J., and a jury, at the June Term, 1921, of Lenoir. The following issue was submitted to the jury: "Was the conveyance of land by deed, referred to in the pleadings in this cause, from S. H. Davenport to the defendant W. H. Davenport a settlement and advancement to said defendant?" His Honor instructed the jury, upon all the evidence, to answer the issue "No." Judgment for defendant; plaintiffs appealed.

*Rouse & Rouse for plaintiffs.*
*Cowper, Whitaker & Allen for defendant.*

ADAMS, J.  S. H. Davenport, father of the plaintiffs and the defendant, died intestate, 8 September, 1919, and his wife, in January, 1909. On 13 October, 1905, he and his wife executed and delivered to Denny Nobles, one of the plaintiffs, a deed for ninety-seven acres of land, designated a deed of gift, reserving to the grantors a life estate. This conveyance was duly acknowledged before a justice of the peace in October, 1905, and in November, 1919, it was duly probated and registered. All the parties admit that it was intended as an advancement. On 13 October, 1905, S. H. Davenport and his wife signed and acknowledged before the same justice of the peace another deed, likewise designated a gift, purporting to convey to the defendant a tract of land containing one hundred and two acres, and reserving a life estate to the grantors. This deed has never been registered. In each deed the consideration

recited is natural love and affection. On 15 November, 1910, S. H. Davenport, reserving a life estate, executed and delivered to the defendant another deed for said one hundred and two acres, reciting as the consideration natural love and affection, and $700 paid by the grantee. This conveyance was acknowledged by the grantor in March, 1911, and registered in the following November. Simultaneously with the execution of this deed the defendant executed and delivered to S. H. Davenport a mortgage on said land, reciting an indebtedness to the mortgagee of $700, evidenced by three notes. The mortgage was acknowledged on 10 May, 1911, probated and registered on 29 March, 1913, and marked satisfied on 20 December, 1918. On 26 December, 1916, S. H. Davenport executed and delivered to the defendant a release of his reserved life estate in the land described in the deed and mortgage.

His Honor's instruction cannot be sustained if the evidence, construed most strongly for the plaintiff, will warrant an affirmative answer to the issue; and we are of opinion that the evidence thus construed should have been submitted to the jury.

In its legal sense an advancement is an irrevocable gift *in praesenti* of money or property, real or personal, to a child by a parent, to enable the donee to anticipate his inheritance to the extent of the gift; or, as somewhat differently defined, a perfect and irrevocable gift, not required by law, made by a parent during his lifetime to his child, with the intention on the part of the donor that such gift shall represent a part or the whole of the portion of the donor's estate that the donee would be entitled to on the death of the donor intestate. 18 C. J., 911; 1 R. C. L., 653; *Thompson v. Smith,* 160 N. C., 257; *Hollister v. Attmore,* 58 N. C., 373; *Meadows v. Meadows,* 33 N. C., 148. The doctrine of advancements was the subject of statutory enactment in England as early as the reign of Charles II. (22 and 23 Car. II., 1682-83), and in this jurisdiction it is set forth, as to both real and personal property, in sections 138 and 1654 (2) of Consolidated Statutes. This doctrine is based on the presumption that a parent who dies intestate intends equality among his children in the division of his property; but such presumption is subject to rebuttal by parol evidence. The decision in *Wilkinson v. Wilkinson,* 17 N. C., 376, may be considered in connection with *Thompson v. Smith, supra; Ex parte Griffin,* 142 N. C., 116; *James v. James,* 76 N. C., 331; *Harper v. Harper,* 92 N. C., 300. In the determination of the question whether a transfer of property from parent to child is a gift, a sale, or an advancement the intention of the grantor is the controlling element. *Thompson v. Smith, supra; Kiger v. Terry,* 119 N. C., 456; *Harper v. Harper, supra; Bradsher v. Cannady,* 76 N. C., 445; *James v. James, supra; Cowan v. Tucker,* 27 N. C., 78; 1 R. C. L., 656. And only such

intention as exists at the time of the transaction is to be considered. Therefore, a parent's transfer of property to his child may constitute in part an advancement and in part a gift or a sale. *Walker v. Brooks,* 99 N. C., 207; 18 C. J., 918. In endeavoring to discover the donor's intention we must consider the circumstances surrounding the interested parties at the time the property is transferred; for the circumstances may be such as to create a presumption of advancement. Thus a substantial gift of property by a parent to his child, or a conveyance of land in consideration of love and affection, or a nominal sum, is ordinarily presumed to be an advancement. *Thompson v. Smith, supra; Kiger v. Terry, supra; Harper v. Harper, supra.* But if the transfer is made for a valuable and adequate consideration there is no presumption of an advancement, but rather the contrary. *Kiger v. Terry, supra; Ex parte Griffin, supra.* Nor is the doctrine of presumptions affected by the reservation of a life estate. 18 C. J., 918, sec. 221.

Applying these principles, although the plaintiffs declare only on the deed of 1910, we conclude that his Honor should have submitted to the jury any competent evidence relating to the alleged delivery and acceptance of the deeds of 1905; relating to the actual consideration of the deed and mortgage of 1910; to the value of the land conveyed; to the circumstances under which the mortgage was canceled; and to the grantor's release of his life estate, together with any other relevant evidence tending to show the intention of the grantor at the time he executed the deed of 1910. For these reasons we hold that the plaintiffs are entitled to have the issues determined by another jury.

There are exceptions to evidence which may not arise in another trial; but it is not inappropriate to say that in our opinion the proposed testimony of Benjamin Nobles and Benjamin Davis, as presented in the record, was properly excluded. In the circumstances disclosed it was not competent either as a part of the *res gestœ* or as a declaration against the interest of the grantor. *Hicks v. Forrest,* 41 N. C., 528; *Melvin v. Bullard,* 82 N. C., 34; *Roe v. Journigan,* 175 N. C., 261; *S. c.,* 181 N. C., 180; *Reece v. Woods,* 182 N. C., 703; *Tart v. Tart,* 154 N. C., 502; 1 R. C. L., 665 *et seq.;* 17 A. & E. Anno. Cas., 886. We see no sufficient reason for excluding the proposed testimony of Calvin Robinson *as to* the value of the land if the court should hold that he is qualified to express an opinion based upon personal observation of the property. *Bennett v. Mfg. Co.,* 147 N. C., 620; *Britt v. R. R.,* 148 N. C., 37.

The plaintiffs are entitled to a new trial. Let this be certified to the Superior Court of Lenoir County.

New trial.