### J. W. PASCHAL, ADMINISTRATOR, v. JOHN B. PASCHAL.

(Filed 10 April, 1929.)

1. **Executors and Administrators C c—Administrator may not recover from deceased's son money expended in joint enterprise.**

> Where a son insures his life for the benefit of his mother in case she survives him, and otherwise to his estate, and some of the premiums on the policy are paid by the insured and some by the mother, upon the prior death of the mother her administrator may not recover from the son the premiums paid by the mother on the theory that they were advancements to him to be accounted for, the arrangement appearing to be their joint enterprise.

2. **Wills F c—Definition of Advancement.**

> An advancement is a gift *in præsenti* by a parent to a child for the purpose of advancing the latter in life, and thus for the child to antici-pate the inheritance to the extent of the advancement.

APPEAL by plaintiff from *Clement, J.,* at December Term, 1928, of CASWELL.

Proceedings to require John B. Paschal to account to the estate of Martha F. Paschal, deceased, for certain insurance premiums paid by the deceased on an insurance policy carried on the life of John B. Paschal and made payable to Martha F. Paschal, mother of the in-sured, in case she survived him, otherwise to the estate of the insured. It is alleged by the administrator that the insurance premiums paid by the deceased were advancements to John B. Paschal and as such should be accounted for by him.

From a judgment of nonsuit entered at the close of the evidence, the administrator appeals, assigning error.

*Luther M. Carlton and Robert T. Wilson for plaintiff.*
*E. F. Upchurch and Glidewell, Dunn & Gwyn for defendant.*

STACY, C. J. The transaction between the deceased and her son, relative to the insurance policy in question, seems to have been a joint enterprise. Some of the premiums were paid by the parent, some by the child. Both benefited thereby. We think the trial court correctly held that such payments on the part of the mother, under the fact situation disclosed by the record, could not be regarded as gifts or advancements to the son.

An advancement may be defined as a gift *in præsenti* or provision made by a parent on behalf of a child for the purpose of advancing said

child in life, and thus to enable him to anticipate his inheritance to the extent of such advancement. C. S., 1654, rule 2; *Lunsford v. Yarbrough,* 189 N. C., 476, 127 S. E., 426; *Nobles v. Davenport,* 183 N. C., 207, 111 S. E., 180; *Thompson v. Smith,* 160 N. C., 256, 75 S. E., 1010; *Kyle v. Conrad,* 25 W. Va., p. 774.

Affirmed.