RUBY HARRELSON AND HUSBAND, W. J. HARRELSON; LIZZIE MAE DOVE AND HUSBAND, AUSTIN DOVE; MARY KEITH DOWLESS AND HUSBAND, W. L. DOWLESS, v. CARL GOODEN AND WIFE, EVELYN GOODEN; ALDEN GOODEN AND WIFE, RUTH GOODEN.

(Filed 15 December, 1948.)

**1. Descent and Distribution § 13—**

> An advancement is an irrevocable gift *in praesenti* to enable the donee to anticipate his inheritance to the extent of the gift, and whether a gift constitutes an advancement depends upon the intention of the parent at the time the gift is made. G.S. 29-1, Rule 2.

**2. Same—**

> The nature of the gift, the consideration expressed, and the circumstances under which it was made, are material in determining whether a gift by a parent is intended to be an advancement.

**3. Same—**

> Where a parent conveys land of substantial value to one of several children for a nominal consideration and thereafter dies intestate, the presumption is he intended the conveyance as an advancement.

**4. Same—**

> The value of an advancement is to be determined as of the date of its making.

**5. Same—**

> Conflicting evidence as to the value of land conveyed by the parent to his child and as to the amount of consideration paid therefor and as to declarations by the son as to whether the land was given and received as an advancement, *held* to raise issue of fact determined by the verdict of the jury.

**6. Appeal and Error § 38—**

> The burden is on appellant to show harmful error.

**7. Evidence § 46—**

   A witness who establishes his familiarity with the lands in question and states he has an opinion satisfactory to himself as to their value at the time in question, is competent to give his opinion as to their value.

**8. Descent and Distribution § 13—**

   In ascertaining the value of an advancement of realty for the purpose of equalizing the heirs' share in the real estate, or in charging the child advanced in the distributive share of the personalty in the event the advancement exceeds the value of his share of the realty, the commissioners should take into consideration any payments found to have been made for the land conveyed as an advancement.

APPEAL by defendant Alden Gooden from *Carr, J.,* May Term, 1948, of BLADEN. No error.

*McLean & Stacy for plaintiffs, appellees.*

*Varser, McIntyre & Henry for defendants, appellants.*

DEVIN, J. In the partition proceeding instituted by the three *feme* petitioners for the division of the lands which descended to them as heirs at law of their father A. W. Gooden, deceased, they sought to exclude from a share therein their brothers, the defendants Carl and Alden Gooden, on the ground that these defendants, by conveyances to them of land without consideration by their father, had been advanced their full shares in the father's estate. Subsequently a voluntary nonsuit was entered as to defendant Carl Gooden.

The issue raised by the pleadings, and supported by the evidence offered, as to the defendant Alden Gooden was submitted to the jury and answered in favor of the plaintiffs. The jury found that the real property described in the deed from his father should be accounted for by the defendant Alden Gooden as an advancement in the division of the estate. Judgment so determining the question thus litigated was entered by the court, and the defendant Alden Gooden appealed.

The statute, G.S. 29-1, Rule 2, provides in substance that when a parent dies intestate having settled upon or advanced to his child any real estate such child shall be excluded from share in the real estate descended from his parent, except so much as will when added to the real estate so advanced make his share equal to those who have not been advanced. And in case the advancement in real estate is of greater value than an equal share descending to the other children, the one so advanced shall be charged in the distribution of the personal estate of the parent with the excess in value over an equal share.

The purpose of the statute is to produce equality among those equally entitled to property descending from a parent, in accord with the pre-

sumed intention of the parent. *Jerkins v. Mitchell,* 57 N. C. 207; *Nobles v. Davenport,* 183 N. C. 207, 111 S. E. 180. The doctrine of advancements is of ancient origin and pre-existing custom was made the subject of enactment in England in the reign of Charles II, 1682-1683. The North Carolina statutes on the subject began with Laws of 1784, Chap. 22, sec. 2. In the language of *Justice Adams* in *Nobles v. Davenport, supra,* "In its legal sense an advancement is an irrevocable gift *in praesenti* of money or property, real or personal, to a child by a parent, to enable the donee to anticipate his inheritance to the extent of the gift." *Parker v. Eason,* 213 N. C. 115, 195 S. E. 360; *Paschal v. Paschal,* 197 N. C. 40, 147 S. E. 680. Whether the gift is an advancement or not depends on the intention of the parent at the time the gift is made. *Bradsher v. Cannady,* 76 N. C. 445. The nature of the gift, the consideration expressed, and the circumstances under which it is made are material in determining the intention. *Harper v. Harper,* 92 N. C. 300. When a parent dies intestate having previously made a conveyance of land of substantial value to one of several children for a nominal consideration, the presumption is that he intended the land thus conveyed as an advancement. *Melvin v. Bullard,* 82 N. C. 33; *Harper v. Harper, supra; Kiger v. Terry,* 119 N. C. 456, 26 S. E. 38; *Nobles v. Davenport, supra; Ex Parte Barefoot,* 201 N. C. 393, 160 S. E. 365. And the value of the advancement is to be determined as of the date of its making. *Stallings v. Stallings,* 16 N. C. 298; *Lunsford v. Yarbrough,* 189 N. C. 476, 127 S. E. 426.

In the case at bar the question litigated was whether the conveyance of 14½ acres of land by A. W. Gooden to his son Alden Gooden for the recited consideration of "ten dollars and other good and valuable considerations paid" was intended as an advancement, or was a sale for a substantial consideration. This was the ground on which the contest was waged. The issue submitted followed the language of the statute. *Harper v. Harper, supra.* The appellant offered evidence of a book entry in the father's handwriting of "receipt of $250 on land received by Alden Gooden. Paid in full Jan. 1, '45." On the other hand the plaintiffs offered evidence of declarations by the defendant to the effect that the land was given by his father and received by the son as an advancement, and that the value of the 14½ acres was $3,000 while the value of the remainder of the father's real estate, 85 acres, was worth $3,500. There was evidence *contra* by the defendant. Upon the issue thus joined the verdict went against the defendant. The triers of the facts have rendered their decision after hearing all the evidence, and we are not disposed to disturb their finding. The burden is on the appellant to show harmful error. *S. v. Davis, ante,* 386, 50 S. E. (2) 37. Appellant excepted to the ruling of the court permitting a witness to give in evidence his opin-

ion of the value respectively of the 14½ acres of land and of the 85 acres. However, the witness had testified he was living on the Gooden land in 1944, and had lived there four years, that he knew both tracts of land and had an opinion satisfactory to himself as to their value at the time the deed to Alden Gooden was made. This evidence was not incompetent. Its probative value, subject to being tested on cross-examination, was for the jury. Stansbury Ev., sec. 128; *Light Co. v. Rogers,* 207 N. C. 751, 178 S. E. 575. Appellant's exceptions to the judge's charge cannot be sustained. The determinative issue of fact was fairly presented to the jury, and an examination of the entire charge leads us to the conclusion that it was in substantial accord with the decisions of this Court, and laid down correctly the principles of law applicable to the evidence presented.

The judgment, to which defendant noted exceptions, was warranted by the verdict and the evidence offered, and seems in accord with the provisions of the statute, G.S. 29-1, Rule 2. *Harper v. Harper, supra.* However, we think the judgment should have given authority to the commissioners to be appointed by the clerk to take into consideration any payments found to have been made by the defendant Alden Gooden on the land conveyed him in determining the value of the advancement.

In the trial we find

No error.